■ SENECA KNITTING MILLS CORPORATION, Appellant, v LOUIS H. WILKES, Respondent.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The court erred in denying plaintiff's motion for summary judgment dismissing defendant's tenth counterclaim. Defendant was an at-will employee since his employment was of unspecified duration, and as such, plaintiff had the unqualified right to discharge defendant for any reason other than a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment (see, Matter of Tyson v Hess, 109 AD2d 1068, 1069). The statement in plaintiff's written rules and regulations, that "[q]uality and good workmanship will keep Seneca in business and make your job secure" does not constitute an express limitation on the right to terminate (cf. Tiranno v Sears, Roebuck & Co., 99 AD2d 675). Nor does defendant's uncontroverted allegation that he was escorted from plaintiff company rise to the level of outrageous conduct necessary to state a cause of action for intentional infliction of emotional distress (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 303).

The court did not abuse its discretion in denying plaintiff's motion for a protective order for its 1981 through 1983 financial statements (see, Matter of U.S. Pioneer Elec. Corp. [Nikko Elec. Corp.], 47 NY2d 914, 916). CPLR 3101 requires disclosure of all evidence material and necessary in the prosecution or defense of an action, and plaintiff, in seeking unspecified compensatory damages for defendant's alleged misuse of an invention, has made such evidence material and necessary. Plaintiff has not met its burden of proving that disclosure of the financial statements would be unreasonably prejudicial (see, e.g., Zimmerman v Nassau Hosp., 76 AD2d 921). (Appeal from order of Supreme Court, Seneca County, Cicoria, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.

■ GENEVA L. BRIDGES, as Limited Administratrix of the Estate of JONAH BRIDGES, Deceased, Appellant, v UNIVERSITY OF ROCHESTER (STRONG MEMORIAL HOSPITAL), Respondent.—Judgment unanimously affirmed, without costs (see, Mortensen v Memorial Hosp., 105 AD2d 151). (Appeal from judgment of Supreme Court, Monroe County, Mastrella, J.—malpractice.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.