■ HETTY J. BRUMBACH, Appellant, v RENSSELAER POLYTECHNIC INSTITUTE, Respondent.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered December 17, 1985 in Schenectady County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Defendant employed plaintiff in a temporary capacity as a research associate in the School of Humanities and Social Sciences from January 12, 1981 to May 5, 1981. That spring, defendant posted a job opening for a tenure-track position of assistant professor/contract archaeologist in the public archaeology program for which is sought an applicant with a doctorate degree. Previously, defendant had employed a non-tenure-track position of research associate or lecturer to teach archaeology, but changed the classification to a tenure-track

position at the suggestion of the chairman of its department of science and technology studies, who believed that the change to a full-time faculty position would strengthen the public archaeology program. Eleven men and one woman, plaintiff, applied. The position was formerly offered to plaintiff for a three-year period commencing September 1, 1981 and ending June 30, 1984, by letter dated July 27, 1981, which fixed the salary at $16,000 for the 1981-1982 academic year with future salary increases dependent on plaintiff's ability to obtain sufficient contracts. Plaintiff accepted the position on August 23, 1981 at the salary fixed and was increased to $19,000 for the 1982-1983 academic year and to $21,000 for the following year. For all three years, plaintiff received favorable faculty evaluations.

On May 2, 1984, at a meeting of all tenured faculty in the department of science and technology studies, continuation of plaintiff's position and her further appointment were considered. After due discussion of the question, the faculty unanimously voted not to continue the position of assistant professor/contract archaeologist, but rather to pursue a new direction. Plaintiff was notified of this decision and offered a one-year terminal appointment beginning July 1, 1984 and ending June 30, 1985. Plaintiff accepted this appointment on May 22, 1984. Thereafter, defendant determined that plaintiff's position should be replaced with a part-time tenure-track position, emphasizing computer archaeology. This newly created position was posted. Plaintiff did not apply for this position and another person was appointed for one academic year.

Plaintiff commenced this action on or about December 1, 1984 for breach of contract, fraud and sexual discrimination. After issue was joined, Special Term granted defendant's motion for summary judgment dismissing all three causes of action for insufficiency, and plaintiff appeals. We agree with the determination of Special Term.

To sustain her cause of action for breach of contract, plaintiff relies on defendant's "Handbook for Academic Staff", in which it is stated, "If the result of the evaluation is satisfactory, it is normal for an assistant professor to be re-employed for a second three-year period." Despite the favorable evaluation received by plaintiff, the language of the handbook can in no way be construed as a contract binding defendant to renewal. Plaintiff was employed for the full time for which she had been hired and was paid accordingly. Defendant promised no more than that (see, O'Connor v Eastman Kodak Co., 65 NY2d 724). At the expiration of her term, plaintiff

became an employee at will. Significantly, defendant's handbook, in the same section on which plaintiff relies, also provides, "If such appointment is not renewed, the appointment terminates at the end of the period of appointment as stated in the letter of agreement." As held in *O'Connor,* the method of evaluating performance fairly as prescribed in the handbook does not impose express limitations on defendant's right to terminate. The handbook herein did not provide that plaintiff would not be terminated "without just and sufficient cause" so as to bring plaintiff within the limited exceptions to the termination of an at-will employee provided for in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). The manner and method outlined above, which caused defendant to change direction in regard to plaintiff's position, indicates that defendant's needs and priorities as considered by the faculty involved were a prime consideration in the action defendant has taken, and that action was not arbitrary or unreasonable *(see, Gertler v Goodgold,* 107 AD2d 481, 483, *affd* 66 NY2d 946). Consequently, plaintiff has not demonstrated a cause of action for breach of contract in response to defendant's motion for summary judgment.

Plaintiff's cause of action for discrimination focuses only upon the injury she has incurred by virtue of the nonrenewal of her appointment. Plaintiff does not allege in her complaint that she was paid a lower salary than others performing similarly, that she was excluded from organizational meetings, that she was downgraded in evaluation and the like, or that she was subjected to disparate treatment in the nonrenewal of her appointment. In this regard, plaintiff's complaint is insufficient. In *Shapolsky v Shapolsky* (22 AD2d 91), it was pertinently stated that "it is still essential * * * that the pleading enable the defendant to determine the nature of the plaintiff's grievances and the relief [she] seeks in consequence of the alleged wrongs". By this standard, plaintiff has failed to plead a cause of action for discrimination on the basis of sex.

Plaintiff's cause of action for fraud is based on defendant's alleged misrepresentation that plaintiff's position was tenure tracked. This alleged fraud relates directly to plaintiff's cause of action for breach of contract and, therefore, cannot be the predicate for a separate cause of action for fraud *(see, Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271, 272). Furthermore, the alleged misrepresentation is not an existing fact, but rather one of a possible future contingency, which required the consideration of many factors before it occurred *(see, Chase Manhattan Bank v Perla,* 65 AD2d

207, 210). The fraud cause of action is likewise legally insufficient. The order appealed from should in all respects be affirmed.

Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.