FRED M. ROSEN, Respondent-Appellant, v VASSAR COLLEGE, Appellant-Respondent.

Third Department, March 3, 1988

## APPEARANCES OF COUNSEL

*Plunkett & Jaffe, P. C. (John M. Donoghue* of counsel), for appellant-respondent.

*Wapner, Koplovitz & Futerfas* and *Steel Bellman & Levine, P. C. (Alan H. Levine* of counsel), for respondent-appellant.

## OPINION OF THE COURT

LEVINE, J.

In June 1983, plaintiff entered into a written employment agreement with defendant. The contract provided that plaintiff would serve in the untenured position of assistant professor in the economics department for the period July 1, 1983 to June 30, 1986. The agreement incorporated by reference the terms and conditions contained in the "Governance of Vassar College" (hereinafter the Governance), which is defendant's basic charter. In addition, a "Faculty Handbook" (hereinafter the Handbook) provided an overview of defendant's organization, policies and rules. Appendix VII of the Handbook described general criteria relevant to determining whether an assistant professor should be reappointed to a second term or promoted to the tenured position of associate professor. The Handbook stated that one criterion to be considered in relation to reappointment is "[e]vidence of a degree of growth sufficient to warrant the expectation of scholarly * * * accomplishment". With respect to promotion, the Handbook provided that one of the criteria is "[d]emonstrated scholarly * * * accomplishment, as judged by peers both inside and outside of the College".

According to plaintiff, in March 1985, the chairman of the economics department informed him that he had been unanimously recommended for reappointment following the expiration of his three-year contract. By letter dated May 31, 1985, however, defendant's president, Virginia B. Smith, advised plaintiff that she would not recommend him for reappointment because, although he had demonstrated effectiveness as a teacher, there was not "evidence of sound scholarship". Shortly thereafter, Smith gave plaintiff written notification that defendant's board of trustees had confirmed the termination of his employment effective June 30, 1986.

Plaintiff appealed the decision to defendant's appeal committee. Thereafter, pursuant to the recommendation of the appeal committee, Smith directed the economics department to reconsider plaintiff for reappointment and requested plain-

tiff to submit materials evidencing scholarship which had not previously been considered. According to plaintiff, his department again recommended him for reappointment. By letter dated February 18, 1986, plaintiff was informed by Smith that she would not recommend reappointment because the subsequent review did not disclose evidence "of the quality of scholarship requisite for reappointment". Plaintiff's appointment was not renewed.

Plaintiff then commenced the instant action against defendant for, *inter alia,* breach of contract. The gravamen of plaintiff's claim was that he was denied reappointment because a more rigorous standard for academic scholarship had erroneously been used in evaluating him than that set forth in the Handbook. Defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion as to all of plaintiff's claims except the one for breach of contract. Defendant then moved for reargument. Supreme Court granted the motion and, upon reconsideration, dismissed plaintiff's cause of action for breach of contract. The court, however, determined that the pleadings did raise the issue of whether defendant had properly discharged its self-imposed obligations in considering plaintiff for reappointment and, accordingly, it converted the action to a CPLR article 78 proceeding to consider this issue. Defendant appeals from both of Supreme Court's orders. Plaintiff cross-appeals from Supreme Court's second order.

Plaintiff contends that the guidelines set forth in the Handbook for the reappointment and promotion of faculty were part of his contractual relationship with defendant. Plaintiff further contends that defendant erroneously judged his scholarly accomplishment against the standard applicable to promotion rather than the less stringent standard for reappointment, and that this constituted a breach of contract. Therefore, according to plaintiff, it was error for Supreme Court to dismiss his plenary action for breach of contract.

With its motion to dismiss, defendant submitted plaintiff's employment contract and relevant portions of the Governance and the Handbook. We note that these items are the type of documentary evidence which is properly considered in relation to a motion to dismiss *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 16). In our view, based on this evidence, Supreme Court properly dismissed plaintiff's cause of action for breach of contract. Plaintiff's employment contract specifically incorpo-

rated the contractual terms and provisions contained in part B, article II of the Governance. It is evident from section 2 (C) of this article that faculty members are protected from dismissal which is not "for cause" only during the term of their employment contract, or if they have tenure. Moreover, section 2 (A) of this article provides that faculty members on term appointments, such as plaintiff, "may on expiration [of the contract] be terminated by the trustees, on due notice". Under these provisions it is clear that upon the expiration of his term, plaintiff became an employee at will and that defendant retained an unrestricted right not to renew employment contracts (see, Brumbach v Rensselaer Polytechnic Inst., 126 AD2d 841, 842-843). Consequently, plaintiff cannot sustain his claim that defendant's refusal to reappoint him constituted a breach of his employment contract, and Supreme Court properly dismissed this cause of action.

We next consider Supreme Court's conclusion that plaintiff's pleadings, alleging that defendant had failed to apply the proper standard in deciding not to renew plaintiff's contract, raised an issue reviewable in a CPLR article 78 proceeding. In our view, however, particularly in light of the provision of the Governance which gave defendant the unrestricted right to terminate a faculty member upon the expiration of the employment contract, defendant's method for evaluating performance does not limit its right not to renew contracts (see, Brumbach v Rensselaer Polytechnic Inst., supra, at 842-843). On the contrary, the Handbook notes that various factors listed in relation to reappointment or promotion are only "general criteria". Likewise, there is nothing to indicate that defendant is bound to consider only those criteria in making its decision. Hence, it cannot be said that defendant, in assessing plaintiff's academic scholarship, violated its own rules so as to give rise to CPLR article 78 review (cf., e.g., Gertler v Goodgold, 107 AD2d 481, 486, affd 66 NY2d 946).

In any event, as the documentary evidence demonstrates, the Handbook standard for appointment relied on by plaintiff ("[e]vidence * * * to warrant the expectation of scholarly * * * accomplishment") is not the exclusive standard. The Governance states that faculty members at the level of assistant professor "shall have proved themselves to possess sound scholarship" (emphasis supplied). Moreover, the Handbook, in its introduction, describes the Governance as "the primary source" of such information. Hence, it is apparent that defendant did not deviate from its own standard for reappointing

assistant professors in insisting on evidence of sound scholarship. Accordingly, the averment in plaintiff's complaint that "the standards by which [it was] determined not to renew plaintiff Rosen's contract were different from the standards set forth in Vassar College rules and regulations" is flatly contradicted by the documentary evidence. Moreover, we note that plaintiff makes no allegations of bad faith or any procedural irregularities, nor do we find any basis for such allegations in the record. Hence, in our view, there are no grounds for converting plaintiff's action to a CPLR article 78 proceeding.

KANE, J. P., YESAWICH, JR., and HARVEY, JJ., concur.

Appeal from order entered March 12, 1987 dismissed, as academic, without costs.

Order entered September 9, 1987 modified, on the law, without costs, by reversing so much thereof as converted the action to a CPLR article 78 proceeding; motion to dismiss the complaint granted; and, as so modified, affirmed.