■ DONNA M. WACHTMAN et al., Appellants-Respondents, v TROCAIRE COLLEGE, Respondent-Appellant.—Order insofar as appealed from unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order that directed plaintiff Donna Wachtman to provide authorization for physician records relating to her gynecological problems for the period January 28, 1981 to the present time. Defendant cross-appeals from said order insofar as it limited the disclosure to the period since January 28, 1981 and seeks disclosure from the onset of the problems in 1971.

Donna Wachtman sustained injuries in a fall on defendant's property on January 28, 1986. She seeks damages for pain and suffering and lost wages from the date of the accident to the present. Plaintiff testified at an examination before trial about persistent gynecological problems which resulted in some disability in a period subsequent to the accident herein. We conclude that Special Term did not abuse its discretion in denying plaintiffs' motion for a protective order to the extent stated. A party must authorize discovery for the release of pertinent medical records under the liberal discovery provisions of CPLR article 31 when a party waives the physician-patient privilege by putting his or her physical condition in issue *(see, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 456-457; *Prink v Rockefeller Center,* 48 NY2d 309). Waiver almost invariably occurs in personal injury actions since the proof in such cases includes the nature and extent of a plaintiff's injuries *(Iseman v Delmar Medical-Dental Bldg.,* 113 AD2d 276, 279). The scope of the waiver, however, is limited and does not permit discovery of information involving unrelated illnesses and treatment *(Iseman v Delmar Medical-*

*Dental Bldg., supra,* at 279; *Josephs v Oliver,* 48 AD2d 688; *Gorman v Goldman,* 36 AD2d 767). The determinative factor is whether the records sought to be discovered are " 'material and necessary' " in defense of the action *(Cynthia B. v New Rochelle Hosp. Med. Center, supra,* at 457; *see also, Daniele v Long Is. Jewish-Hillside Med. Center,* 74 AD2d 814; *Brooks v Hausauer,* 51 AD2d 660). "The test for disclosure is materiality, that is, relevancy and usefulness" *(Matter of Schneier,* 50 AD2d 715).

The burden of demonstrating that certain records are immune from discovery is on the party asserting such immunity *(Seneca Knitting Mills Corp. v Wilkes,* 120 AD2d 955; *Zimmerman v Nassau Hosp.,* 76 AD2d 921). Once that burden is met, the burden shifts to the opposing party to demonstrate that the records sought are not immune from discovery.

It is unrefuted that Donna Wachtman testified at her deposition that, subsequent to the accident, she was disabled due to gynecological problems. Because she is asserting a claim for lost wages from the date of the accident to the present, defendant is entitled to examine the medical records in question to determine whether her disability is related to the accident or to her gynecological problems. Special Term did not abuse its broad discretion in designating January 28, 1981 as the cutoff date from which the physician records are to be provided since the order also provides that it is without prejudice to defendant seeking earlier medical records if they are found relevant. (Appeals from order of Supreme Court, Erie County, Joslin, J.—discovery.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.