■ Michael J. De Simone, Respondent-Appellant, v Skidmore College, Appellant-Respondent.—Casey, J. Cross appeals from an order of the Supreme Court (Brown, J.), entered January 17, 1989 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's cross motion for partial summary judgment on the issue of liability.

Plaintiff seeks to recover damages for breach of contract arising out of defendant's refusal to reappoint plaintiff as an assistant professor in its business department at the completion of his initial three-year appointment. The matter is before us as a result of Supreme Court's denial of summary judgment to either party. We reverse and grant summary judgment to defendant.

Defendant's faculty handbook, which was incorporated into the parties' employment contract by specific reference in the appointment letter signed and accepted by both parties, contains a number of procedural and substantive provisions under the heading "tenure and status". Pursuant to those provisions, plaintiff's initial appointment was for a three-year period, the first year being a probationary one. Procedurally the handbook provides:

"1. At the end of the appointee's second year, his or her department shall determine whether or not it regards the appointee as a candidate for reappointment, and shall inform the Administration of its decision by May 31 of that year. * * *

"3. If a department regards the appointee as a candidate for reappointment, it must submit its recommendation on reappointment to the Dean of the Faculty and the Provost by January 1 of the appointee's third year. In such cases, the department must present clear and decisive evidence—including letters from each department member and a cover letter from the Chair—of the individual's high professional quality and the department's great need for the candidate's particular abilities in its projected programs.

"a. The Dean of the Faculty must then decide by February 1 whether to recommend to the President through the Provost a further three-year contract or termination of the individual's service. The Dean of the Faculty shall base this recommendation on the evidence submitted by the candidate's department, and on the standards of excellence which the Dean maintains for the faculty as a whole. * * *

"d. The Provost shall make the decision to follow or not the recommendations in all cases presented."

The handbook contains a provision entitled "standards for continued service", wherein candidates for reappointment are advised "to strike a reasonable balance among several criteria for their retention on the faculty". The specified criteria fall into three general categories: teaching effectiveness, professional accomplishment and community service.

The business department committee on appointments, promotions and tenure (hereinafter CAPT) evaluated plaintiff during the second year of his appointment and on May 26 of that year reported to the department chairman its recommendation that plaintiff be reappointed. Shortly thereafter, the department chairman informed the Dean of Faculty that he felt it would "be of benefit to both the Department and the College to continue [plaintiff's] appointment". Defendant describes this decision as recognizing that plaintiff was *a candidate* for reappointment, while plaintiff characterizes it as a recommendation that he be reappointed to a second three-year term.

In any event, CAPT again evaluated plaintiff during the fall of his third year. In its report to the department chairman, CAPT again recommended reappointment but not without certain reservations. In particular, the report noted the lack of unanimity within CAPT, the lack of unanimity in the letters from department members and plaintiff's lack of scholarly achievement in the form of publishable materials. The department chairman forwarded the CAPT report to the Dean of Faculty, stating, "I ratify the findings and final recommendation of [CAPT]." The Dean of Faculty thereafter recommended to the Provost that plaintiff not be reappointed. He based his recommendation on the lack of unanimity in the CAPT report and upon plaintiff's failure to publish articles, papers or submissions that had been judged by his peers.

Based upon these undisputed facts, we conclude that plaintiff has failed to establish a breach of contract. The handbook itself does not contain any express limitation on defendant's discretion in deciding whether to renew the contract of an employee whose initial three-year term has expired. On the contrary, the handbook specifically reserves to the Provost the authority to "make the decision to follow or not the recommendations in all cases". The absence of such an express limitation is ordinarily fatal to a breach of contract cause of action *(see, Rosen v Vassar Coll.,* 135 AD2d 248, *lv denied* 72 NY2d 805; *Brumbach v Rensselaer Polytechnic Inst.,* 126 AD2d 841), but plaintiff alleges that he received certain oral assurances which remove this case from the general rule.

Plaintiff alleges that during the interview process he was assured that if he met the standards contained in the handbook, reappointment could not be denied. He further alleges that he relied upon these assurances and was thereby induced to leave other employment and accept employment with defendant. Thus, according to plaintiff, his claim falls within the exception to at-will employment recognized in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). Assuming that *Weiner* is not limited to "just cause" provisions, and assuming that oral assurances not incorporated into the employment application are legally sufficient *(but see, Diskin v Consolidated Edison Co.,* 135 AD2d 775, *lv denied* 72 NY2d 802), and assuming the truth of plaintiff's allegations, we conclude that defendant is nevertheless entitled to summary judgment.

Plaintiff claims that he met all of the standards specified in the handbook, but the oral assurances relied upon by plaintiff did not bestow upon him the authority to make that determination. Rather, as is clear from the handbook, it was for defendant to decide whether plaintiff had struck the required "balance among several criteria for [his] retention on the faculty". One of those criteria is professional accomplishment which, according to the handbook, "can be shown by significant publications; completed manuscripts not yet published but worthy of publication * * * participation in professional associations and presentations of papers at professional meetings; creative work * * * or grants, fellowships or other juried awards". The Dean of Faculty based his recommendation that plaintiff not be reappointed upon plaintiff's failure to produce any publishable materials and the weight to be accorded this deficiency was a matter of professional educational judgment, which is subject only to limited judicial scrutiny *(see, Gertler v Goodgold,* 107 AD2d 481, 486, *affd* 66 NY2d 946). In addition, the handbook provides that letters from each department member are part of the required clear and decisive evidence of an appointee's high professional quality, and the Dean of Faculty considered the lack of unanimity of support for plaintiff's reappointment as shown by the department members' letters. In these circumstances, we are of the view that plaintiff received all of the substantive and procedural rights to which he was entitled pursuant to the terms of his contract of employment, which expressly incorporated the handbook, as supplemented by the alleged oral assurances.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment; motion granted and complaint dismissed; and, as so

modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.