■ DEBORAH A. BROOKS, Appellant, v KEY PHARMACEUTICALS, INC., et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered December 3, 1990 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

The primary question presented on this appeal is whether plaintiff presented sufficient evidence to rebut the presumption that her employment as a sales representative for defendant Key Pharmaceuticals, Inc. (hereinafter defendant) was at will.

Defendant, a manufacturer and supplier of pharmaceutical products, terminated plaintiff's employment as one of its sales representatives on November 6, 1984 after she was absent from work for a total of 21½ days over a 10-month period without notifying her district sales manager, defendant Stuart

Feldman, on each day of her absence as directed by the employee handbook. Subsequently, plaintiff brought this action to recover damages for breach of contract alleging, *inter alia,* that defendant terminated her employment contrary to the procedures set forth in its employee handbook. Defendants answered and then moved for summary judgment. Supreme Court granted defendants' motion and this appeal ensued.

It is "settled law in New York that, absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" *(Sabetay v Sterling Drug,* 69 NY2d 329, 333; *see, Martin v New York Life Ins. Co.,* 148 NY 117, 121). This presumption may be rebutted, however, by establishing "that the plaintiff was made aware of a written policy of limitation on the employer's right to discharge at the time the employment commenced and, in accepting the employment, the plaintiff relied on the termination only for cause limitation" *(Novinger v Eden Park Health Servs.,* 167 AD2d 590, 591, *lv denied* 77 NY2d 810; *see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466).

In the case at bar, plaintiff points to no language in the employee handbook stating that "termination is limited to the grounds stated" or "for cause only" *(Marvin v Kent Nursing Home,* 153 AD2d 553, 554; *see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 305). Further, the employee handbook expressly permits defendant to discharge an employee "without preliminary issuing of oral or written warnings" for "excessive absences or tardiness". The record establishes that plaintiff's absences could be considered excessive and that she did not give the required notice each day of her absence. Thus, it cannot be said that defendant wrongfully terminated plaintiff's employment.

Moreover, assuming that defendant's employee handbook created an express limitation on defendant's right to terminate, plaintiff still would not be entitled to recover because of her failure to "establish prima facie the essential element of detrimental reliance" *(DiCocco v Capital Area Community Health Plan,* 159 AD2d 119, 122, *lv denied* 77 NY2d 802). Without such proof, the purported contract is unenforceable for lack of consideration *(see, supra).* Plaintiff accepted defendant's offer of employment without having seen defendant's employee handbook. She accepted on the basis of her good feeling about job security based on the oral statements of Feldman and defendant's director of sales services. Furthermore, even if oral assurances not incorporated into an employ-

ment application are legally sufficient to constitute an express limitation *(De Simone v Skidmore Coll.,* 159 AD2d 926, 928), those given here do not do so *(see, Ingle v Glamore Motor Sales,* 73 NY2d 183, 188; *De Simone v Skidmore Coll., supra,* at 928; *see also, Seneca Knitting Mills Corp. v Wilkes,* 120 AD2d 955; *Collins v Hoselton Datsun,* 120 AD2d 952).

Weiss, P. J., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.