■ Scott D. Colbert, Appellant, v Metropolitan Property and Liability Insurance Company, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Travers, J.), entered October 22, 1991 in Rensselaer County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff was employed by defendant as a claims representative from September 1980 through January 1982 and from November 1983 through October 1989. In July 1985, plaintiff informed defendant that he would be attending law school at Western New England College in Massachusetts and applied for reimbursement through the company's "Tuition Refund Plan". A few days later, defendant rejected plaintiff's application on the basis that plaintiff's law school studies did not qualify for reimbursement under the plan because they were not "job related". Despite this rejection, plaintiff went on to complete his law school education while still employed by defendant during the entire period. Upon his passing the bar exam and securing employment with a private law firm, plaintiff resigned from his employment with defendant.

Thereafter, plaintiff commenced this lawsuit alleging a single cause of action for breach of contract. Plaintiff alleged that the guidelines set forth in defendant's tuition reimbursement plan were part of his contractual relationship with defendant and that defendant was obligated to reimburse him for his law school tuition. Defendant then moved to dismiss the complaint for failure to state a cause of action. Plaintiff opposed the motion and cross-moved for summary judgment. Supreme Court granted defendant's motion and dismissed the complaint. This appeal by plaintiff followed.

We affirm. Even assuming that the complaint, liberally construed *(see,* CPLR 3026), stated a sufficient prima facie cause of action for breach of contract, we nevertheless conclude that it was properly dismissed. Although defendant did not move for summary judgment, plaintiff's cross motion searches the record (CPLR 3212 [b]); therefore, it is within our power to grant relief to a nonmoving party *(see, Sky Four Realty Co. v C.F.M. Enters.,* 128 AD2d 1011, 1013).

Here, there is no question that defendant's tuition refund

plan had very specific criteria to be followed and only allowed reimbursement "upon prior recommendation by Management and approval by Personnel". Plaintiff's request for prior approval was denied and plaintiff continued his employment there. Significantly, the plan did not contain any express limitation on defendant's discretion in deciding whether to approve an employee's request for reimbursement (see, De Simone v Skidmore Coll., 159 AD2d 926, 927; see also, Brooks v Key Pharms., 183 AD2d 1011). In fact, it was within defendant's authority to determine that plaintiff did not meet the criteria for reimbursement regardless of whether plaintiff thought he did (see, De Simone v Skidmore Coll., supra, at 928). Finally, plaintiff's allegations on the record are insufficient to support a claim that plaintiff detrimentally relied on the alleged availability of reimbursement as a term in accepting employment (see, DiCocco v Capital Area Community Health Plan, 159 AD2d 119, 122, lv denied 77 NY2d 802; see also, Weiner v McGraw-Hill, Inc., 57 NY2d 458).

Yesawich Jr., J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.