■ JON HARBISON, Appellant, v MOUNT SAINT MARY COLLEGE, Respondent. [622 NYS2d 72] —In an action to recover damages for breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Miller, J.), dated July 1, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the fall of 1983, the defendant, Mount Saint Mary College (hereinafter the College), hired the plaintiff to teach two business courses as an adjunct instructor. The plaintiff became a full-time instructor at the College the following year, and his contract as a probationary full-time instructor was annually renewed until the fall of 1991. The plaintiff's employment contract provided, in pertinent part, that "[c]onditions for the renewal of this contract shall be in accordance with the regulations adopted by the Board of Trustees of the College and as specified in the Bylaws of the College".

It is undisputed that it is the customary practice of the College's Promotion and Tenure Committee to review eligible faculty members for tenure appointment during the sixth year of continuous full-time service. In order to be eligible for tenure, a faculty member must possess either a doctorate or the "highest terminal degree" offered in his or her area of study. Faculty members who are unable to obtain either a doctorate or an appropriate terminal degree after six years of service are permitted, in lieu of seeking tenure, to apply for a two to four year "extended contract" in accordance with the provisions of the College's Faculty Handbook.

In the fall of 1990, the plaintiff advised the College's Promotion and Tenure Committee that he planned to satisfy the terminal degree requirement by becoming licensed as a Certified Public Accountant (hereinafter CPA). The Committee responded by advising the plaintiff that it would be more appropriate for him to obtain a doctorate, but that if he intended to change career goals, he would need to develop a plan for obtaining a CPA license. In the fall of 1991, the plaintiff submitted a Faculty Data Form to the Committee outlining his plan to obtain a CPA license by the end of 1992.

The plaintiff's plan was contingent, however, upon obtaining a waiver of one year of the two-year period of "practical experience" which is required in order to become licensed as a CPA. The plaintiff subsequently learned that he was ineligible for such a waiver, and the Committee ultimately recommended that he not be reappointed, on the ground that his plan to become licensed as a CPA was "not feasible in the proposed time frame". The Committee's recommendation was accepted by the College President, and the plaintiff ceased teaching at the College on June 30, 1992.

On appeal, the plaintiff contends that the Supreme Court erred in granting the College's motion for summary judgment because the College's refusal to award him an extended contract breached the terms of the Faculty Handbook, which the plaintiff contends are expressly incorporated into his employment contract. Contrary to the plaintiff's contention, however, in the absence of any evidence that the provisions of the Faculty Handbook constitute "regulations adopted by the Board of Trustees", the terms of the handbook are not expressly incorporated into his employment contract. In any event, the handbook merely provides that an extended contract may be considered where a faculty member who has taught at the College for six years agrees to continue in a doctoral program or other program acceptable to his or her division chairman. It contains no express limitation upon the College President's discretion in deciding whether to accept or reject a recommendation for nonrenewal and thus, the plaintiff's causes of action to recover damages for breach of an employment contract must fail (see, De Simone v Skidmore Coll., 159 AD2d 926).

We have considered the plaintiff's remaining contentions and find that they are without merit. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.