OPINION OF THE COURT
David Demarest, J.
Plaintiffs, by order to show cause, move for a temporary injunction prohibiting St. Lawrence University (SLU) from eliminating the varsity sport of wrestling prior to the graduation of the 1994 freshman class. Defendants, by notice of cross motion returnable January 13, 1995, move for an order pursuant to CPLR 3211 (a) (7) and 3016 (b) dismissing plaintiffs’ complaint on the grounds that it fails to state a valid claim upon which relief can be granted.
In mid-October 1994 the SLU administration announced its decision to eliminate the intercollegiate wrestling program after the 1994-1995 season. Shortly thereafter plaintiffs commenced this action alleging five causes of action: breach of contract; misrepresentation; fraud; estoppel; and sexual discrimination. Upon presentment of their order to show cause, plaintiffs sought a temporary restraining order, which was denied. Plaintiffs’ motion seeks issuance of a preliminary injunction prohibiting elimination of the sport until the May 1998 graduation of the current freshman class.
Since the summer of 1991, David S. Hudson, as SLU head wrestling coach, recruited the freshman, sophomore, and junior class wrestlers. Plaintiffs present Hudson’s sworn affidavits wherein he unequivocally states he made representations to the plaintiffs as prospective student wrestlers, which included statements that the wrestling program was "a strong program”; "it would be around for four years”; "you will be part of a long standing traditional support at St. Lawrence University which is greatly supported by the university and athletic department”; "you will get an excellent education and be able to wrestle for four years while getting the education.” Mr. *880 Hudson concedes he does not know the exact dates, times or places the representations were made, but that he made the representations believing he was authorized to do so in his capacity as head wrestling coach. Further, Mr. Hudson states he "had absolutely no idea during [his] coaching at St. Lawrence University that the wrestling program was even being considered for termination.” (Hudson affidavit, sworn to Jan. 11, 1995, para 13.)
It is defendants’ position that the decision to terminate the sport followed the budgeting process for the 1995-1996 academic year. The process was begun during the summer of 1994, and in mid-September 1994 the senior officers in the university’s administration made their recommendations. Dean Bambrey recommended elimination of the wrestling program and, after conclusion of the board of trustees’ September 1994 meeting and further consultation with senior staff, it was decided in mid-October 1994 to eliminate the wrestling program. Defendants allege that elimination of the program was the result of its efforts to meet its budget constraints and was, therefore, in SLU’s best interest.
defendants’ cross motion:
DISMISSAL OF PLAINTIFFS’ COMPLAINT

Plaintiffs’ Breach of Contract Cause of Action:

It is defendants’ position that the plaintiffs’ first cause of action, breach of contract, is barred since the unwritten contract could not be performed within one year and is, therefore, void under the Statute of Frauds. (General Obligations Law § 5-701 [a].) Plaintiffs argue that their partial performance removes the contract from the bar of the Statute of Frauds. It is true that "a court of equity may indeed give effect to an otherwise unenforceable oral contract where there has been part performance (see, General Obligations Law § 5-703 [4]) and the acts performed are ' "unequivocally referrable” ’ to the agreement (Geraci v Jenrette, 41 NY2d 660, 666, citing Burns v McCormick, 233 NY 230, 232). If, however, an act is equally consistent with an explanation having a basis in other than the alleged oral agreement, the part performance relied upon will not remove the agreement from the bar of the Statute of Frauds. (See, Wilson v La Van, 22 NY2d 131 [oral promise to convey farm property unenforceable despite improvements since such part performance is not *881 unequivocally referable to an agreement to convey and is equally consistent with landlord-tenant relationship].)” (Cunnison v Richardson Greenshields Sec., 107 AD2d 50, 54 [1st Dept 1985].)
Importantly, SLU, as in Gonyo v Drake Univ. (837 F Supp 989 [SD Iowa 1993]), continues to offer its financial assistance despite termination of the wrestling program. Unlike Gonyo, the plaintiffs are not recipients. of any athletic scholarships, haying been awarded financial aid on the same criteria as all other SLU students. Further, plaintiffs’ financial aid packages have already been awarded and/or are available. As in Hysaw v Washburn Univ. (690 F Supp 940 [D Kan 1987]), plaintiffs received financial aid allocations promised them. Moreover, plaintiffs set forth nothing more than "understandings” and "expectations” that they were even promised a position on the SLU wrestling team. (Supra, at 947.) Based on these facts, it cannot be said that the acts performed by plaintiffs are "unequivocally referable” to the purported wrestling agreement; and, in fact, their actions in attending SLU and wrestling on the team are equally consistent with their status as SLU students. Plaintiffs’ assertions of part performance do not remove the contract from the Statute of Frauds.
In any event, other courts faced with this same type of case, albeit dealing only with the issue of temporary .relief, have been reluctant to dictate to education institutions, "[i]n areas of policy, administrative decisions, and the every day routine of running the institution” (Soderbloom v Yale Univ., 1992 WL 24448, 2 [Conn Super Ct 1992]). The Soderbloom plaintiffs asked the court to find a contract between themselves and Yale to provide a varsity wrestling program as part of their undergraduate educational program. They alleged the contract was derived from the various Yale publications as well as written and oral communications of the wrestling coach. Two of the plaintiffs averred they would not have attended Yale if a varsity wrestling program were not available. The Connecticut court examined the various items relied upon by the student plaintiffs which revealed that Yale emphasized education as its primary function with , extracurricular activities subject to modification. Yale’s bulletins contained a disclaimer inside their front covers: " 'The University reserves the right to withdraw or modify the courses of instruction or to change the instructors at any time’ ”. (Supra, at 4.)
Additionally, Soderbloom (supra, at 4). held that "even if *882 varsity wrestling were considered part of a contract between the plaintiffs and Yale, and even if Yale had not specifically reserved the right to make changes, courts have recognized that universities must have the flexibility to make changes in furtherance of their educational responsibilities.” " 'Certainly in the period of time between a student’s matriculation and graduation, an educational institution, which is a living, changing thing, may not reasonably be expected to remain static; and, conversely, change may reasonably be expected. Hence, each statement in a publication of what now is true does not necessarily become a term in the contract between the school and the student.’ ” (Supra, at 4, quoting Peretti v State of Montana, 464 F Supp 784, 786 [D Mont 1979], revd on other grounds 661 F2d 756 [9th Cir 1981].) The court then went on to hold that it did not find a valid binding contract to provide the sport of varsity wrestling during the plaintiffs’ academic careers and that as a result they failed to show a protectable interest was at stake nor that they would prevail on the merits, to a reasonable degree of certainty; plaintiffs’ application for a temporary injunction was denied.
In light of the foregoing, not only does plaintiffs’ cause of action for breach of contract fail to sustain its entitlement to a preliminary injunction, the court also finds it fails to state a cause of action as it is barred by the Statute of Frauds and should be dismissed.

Plaintiffs’ Misrepresentation, Fraud, and Estoppel Causes of Action:

Defendants correctly assert that CPLR 3016 (b) requires that a cause of action based upon misrepresentation or fraud requires "the circumstances constituting the wrong * * * be stated in detail.” In Lanzi v Brooks (54 AD2d 1057, 1058 [1976]), the Third Department held that in order to plead a prima facie case each of the essential elements must be supported by factual allegations sufficient to satisfy CPLR 3016 (b). This section imposes "a more stringent standard of pleading than the generally applicable 'notice of the transaction’ rule of CPLR 3013” and each complaint must be measured against this higher standard.
Although, as it has been set forth above, the affidavit of Mr. Hudson specifies the actual statements made to all poten *883 tial SLU recruits who expressed an interest in the wrestling program, and therefore sufficiently supplements the complaint in this respect, there has been no attempt to identify when the statements were made and whether if any of the actual plaintiffs heard, and relied upon, any of these particular statements.
Also lacking in plaintiffs’ pleadings is the element of scienter on the part of the defendants. There are no allegations that anyone knew the program was doomed when representations were made. Defendants, in support of their cross motion, set forth uncontroverted allegations that it was only after the plaintiffs had been accepted and agreed to attend SLU that any discussions concerning the academic budget ensued, making the existence of scienter factually impossible.
Constructive fraud, existing where the parties have a special confidential or fiduciary relationship, vitiates the necessity of scienter, but plaintiffs have failed to plead any such relationship. (See, Matter of Gordon v Bialystoker Ctr. & Biakur Cholim, 45 NY2d 692 [1978]; Manheim Dairy Co. v Little Falls Natl. Bank, 54 NYS2d 345 [Sup Ct, Herkimer County 1945]; see also, Costello v Costello, 209 NY 252 [1913].)
The court, upon review of the second, third, and fourth causes of action, is of the opinion that they, too, fail to state a cause of action.

Plaintiffs’ Sexual Discrimination Cause of Action:

In the absence of any specific allegations that the termination of the wrestling program constituted an intentional discrimination or circumstances which could give rise to an inference of racial discriminatory intent, the fifth cause of action, as well, must be dismissed. (See, Yusuf v Vassar Coll, 35 F3d 709 [2d Cir 1994].) Furthermore, under Brumbach v Rensselaer Polytechnic Inst. (126 AD2d 841 [3d Dept 1987]), plaintiffs’ cause of action, based on State law, should be dismissed for failure to state a cause of action. Neither the pleadings nor the submissions to the court demonstrate that wrestlers were excluded on the basis of gender from participation in, or denied benefits of, or subjected to discrimination in SLU’s athletic program. (See, Gonyo v Drake Univ., supra.)
It is, therefore, the decision of this court, and it is hereby ordered, that the cross motion of the defendants be, in all *884 respects, granted, dismissing the complaint, in its entirety,* for failure to state a valid claim upon which relief can be granted. Plaintiffs’ application for a preliminary injunction is thereby rendered moot.

 It has recently come to the court’s attention that plaintiffs have filed an amended complaint which adds another cause of action, and, accordingly, this decision and order is based upon the complaint as it existed on January 13,1995, prior to its amendment.