■ Maurice V. Russell, Respondent, v Stewart Kleinman, Appellant. [648 NYS2d 913] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered April 15, 1996, which denied defendant's motion to compel disclosure of plaintiff's preaccident medical records maintained by plaintiff's physician, unanimously affirmed, without costs.

The motion court properly determined, after an in camera examination, that the medical records sought would not be useful in determining the nature and extent of the injuries attributable to the accident or any aspect of plaintiff's damages (*see, Wachtman v Trocaire Coll.*, 143 AD2d 527, 527-528). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.

■ The People of the State of New York, Respondent, v Pablo Negron, Appellant. [648 NYS2d 910] —Judgment, Supreme Court, Bronx County (Joseph A. Mazur, J.), rendered April 23, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of from 5 to 10 years imprisonment, reversed, on the law, and the matter remanded for a new trial.

Although not raised on appeal, defendant's counsel raised the *Batson* issue after the first round of jury selection in the joint trial of defendant and his co-defendant Aniel Rodriguez. This Court reversed Rodriguez's conviction, holding that the People exercised peremptory challenges in a discriminatory manner in striking three Hispanic prospective jurors and thus "fatally impaired" the jury selection process (*People v Rodriguez*, 211 AD2d 275, 281, *appeal dismissed* 88 NY2d 917). Inasmuch as defendant is similarly situated, we reverse and remand for a new trial. Concur—Rosenberger, J. P., Rubin and Mazzarelli, JJ.

Kupferman, J., concurs on constraint of *People v Rodriguez* (211 AD2d 275, 281, *appeal dismissed* 88 NY2d 917).