■ Michael J. De Simone, Appellant, v Siena College, Respondent. [663 NYS2d 701] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered May 31, 1996 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, (2) from an order of said court, entered August 28, 1995 in Albany County, which, *inter alia*, partially denied plaintiff's cross motion to compel certain discovery, and (3) from an order of said court, entered October 29, 1993 in Albany County, which, *inter alia*, partially granted defendant's motion for a protective order.

Plaintiff was employed as a nontenured, probationary assis-

tant professor in defendant's accounting department for the 1985-1986 school year with a one-year contract which was renewed for the next three school years. However, by letter dated April 24, 1989, plaintiff was presented with a proposed contract for the 1989-1990 school year and formally notified that, upon expiration thereof, his employment contract would not be renewed.* The letter further indicated that the basis for nonrenewal was "the impaired collegiality and confidence between [plaintiff] and [defendant's] Accounting Department", a situation that arose due to plaintiff's admitted organization and participation in a student protest aimed at the curriculum of the accounting department. The 1989-1990 contract contained an added provision by the signature lines which stated: "NOTE: THIS CONTRACT IS FOR ONE YEAR AND IS NOT RENEWABLE". Plaintiff acknowledged that he read and understood the contract and the added provision prior to signing the contract on May 11, 1989.

In our view, Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiff's breach of contract action. To the extent that defendant's handbook was incorporated into the parties' employment contract, nothing contained therein or in the contract mandated renewal or substantively limited defendant's discretion in deciding whether to renew a probationary contract (*see, De Simone v Skidmore Coll.*, 159 AD2d 926, 927). Thus, upon the expiration of plaintiff's yearly employment contracts, he "became an employee at will and * * * defendant retained an unrestricted right not to renew [his] employment contract[ ]" (*Rosen v Vassar Coll.*, 135 AD2d 248, 251, *lv denied* 72 NY2d 805). It follows that defendant's exercise of its discretion in favor of nonrenewal did not give rise to a cause of action for breach of contract (*see, Harbison v Mount St. Mary Coll.*, 211 AD2d 697; *Brumbach v Rensselaer Polytechnic Inst.*, 126 AD2d 841, 842).

We have examined plaintiff's remaining arguments and find them to be without merit. For example, there is no dispute that the nonrenewal of plaintiff's contract was related solely to plaintiff's failure to get along with his colleagues (*see, e.g., Yu-Shih Chen v Wharton*, 112 AD2d 636, *lv denied* 66 NY2d 602), as opposed to his teaching skills, which defendant concedes to be excellent. There was no duty in the contract to automatically renew if plaintiff was found to be an excellent teacher. Therefore, although written evaluations were called for in the

---

* Although defendant's faculty handbook states that nontenured professors had to be notified of nonrenewals no later than May 1st of the preceding year, plaintiff claims that he received the letter on May 3, 1989.

faculty handbook, further evaluations concerning plaintiff's ability as a teacher would have served no purpose. Assuming plaintiff required an evaluation for other reasons, we note that, in November 1989, defendant offered to evaluate plaintiff for any purpose other than contract renewal, an offer plaintiff apparently did not accept.

Finally, with respect to the alleged untimeliness of defendant's nonrenewal notice, even assuming a two-day delay in plaintiff's receipt of this notice, such delay was, at worse, a de minimus breach of a nonessential time period and was insufficient to sustain a cause of action for breach of contract under the circumstances of this case.

Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order entered May 31, 1996 is affirmed, without costs. Ordered that the appeals from orders entered August 28, 1995 and October 29, 1993 are dismissed, as academic, without costs.