■ STEPHEN T. ZADOR, Appellant, v MILLARD FILLMORE HOSPITAL, Respondent. [689 NYS2d 816] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of the cross motion of defendant, Millard Fillmore Hospital (Hospital), for summary judgment seeking dismissal of the first, second and third causes of action. Between 1987 and 1994 plaintiff, a cardiologist, was on certain Non-Invasive Cardiology Laboratory (NICL) panels at the Hospital that were established to read and interpret cardiological tests performed at the NICL. Plaintiff was compensated for his services pursuant to one-year contracts authorizing the Hospital to accept on his behalf the Medicare part B benefits payable for his services and to pay plaintiff for those services according to a flat fee schedule.

In the first, second and third causes of action, plaintiff seeks recovery of the difference between the Hospital's billing rate and the contract rate for his years of service on the panels. We reject the contention of plaintiff that he is entitled to recover that difference pursuant to his contract. Plaintiff's only contractual right is to payment according to the fee schedule attached to that contract. We also reject the contention of plaintiff that he is entitled to recover that difference under a theory of quasi contract. The contractual fee arrangement neither constitutes an illegal kickback pursuant to 42 USC § 1320a-7b (b) (1) (B) (see, 42 CFR 1001.952 [d]; Medicare Carriers Manual § 3060.2; 1 Medicare and Medicaid Guide ¶ 3350.25) nor improper fee splitting pursuant to Education Law § 6509-a. Even assuming, arguendo, that it did, we conclude that plaintiff would not be entitled to recover in equity (see, Sachs v Saloshin, 138 AD2d 586).

The court properly granted that part of the Hospital's cross motion for summary judgment seeking dismissal of the sixth and seventh causes of action but erred in granting that part of the cross motion seeking dismissal of the fourth and fifth causes of action, which seek declaratory relief, and in failing to declare the rights of the parties (see, Pless v Town of Royalton, 185 AD2d 659, 660, affd 81 NY2d 1047). The fourth through seventh causes of action concern the Hospital's actions after refusing to renew plaintiff's contract in 1994. Plaintiff contends that the Hospital is not authorized, over his objections, to have NICL panels read and interpret the NICL tests of his patients

and to bill Medicare for those services. We disagree. Under the Hospital's by-laws, plaintiff is "entitled to exercise only those clinical privileges or specified services at the Hospital as are granted by the Medical Executive Committee and approved by the Board of Directors". Plaintiff's requests for clinical privileges to read and interpret NICL tests were denied pursuant to those by-laws, and the Hospital reserved the right to contract with others to interpret NICL tests and to bill Medicare for those services. Furthermore, plaintiff is collaterally estopped by the dismissal of a prior CPLR article 78 proceeding from claiming that the interpretation of NICL tests is a matter of clinical privilege.

We also reject the contention of plaintiff that there is a triable issue of fact under the fourth through seventh causes of action with respect to whether the Hospital wrongfully refused to renew his NICL contract in 1994. The Hospital met its initial burden on the cross motion by establishing that plaintiff's contract was not renewed because plaintiff failed to comply with NICL work deadlines. Plaintiff's allegations that the Hospital retaliated because of plaintiff's complaints about the NICL are conclusory and without evidentiary support. Each contract was for a definite term of one year without an automatic renewal clause, and the Hospital had the unrestricted right not to renew plaintiff's contract (*see, Rosen v Vassar Coll.*, 135 AD2d 248, 251, *lv denied* 72 NY2d 805). Additionally, plaintiff fails to state a cause of action for prima facie tort by alleging that the Hospital refused to renew a contract of definite duration with the sole intent to harm him (*see, James v Board of Educ.*, 37 NY2d 891).

Because the fourth and fifth causes of action seek declaratory relief, we modify the judgment by denying that part of the cross motion seeking dismissal of the fourth and fifth causes of action, reinstating those causes of action and granting judgment in favor of the Hospital declaring that the Hospital has not violated the rights of plaintiff's patients as set forth in Public Health Law § 2803-c and the Medicare Act. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.— Declaratory Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Callahan, JJ.