■ MERCY YULE, Appellant, v NEW YORK CHIROPRACTIC COLLEGE, Respondent. [840 NYS2d 837]—

Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 13, 2006 in Tompkins

County, which granted defendant's motion for summary judgment dismissing the complaint.

Pursuant to the terms of a revised contract, plaintiff was employed by defendant as its clinical coordinator of acupuncture and oriental medicine. The term of the contract expired August 31, 2006. The contract contained three provisions relative to termination. First, if the position was to be substantially modified or eliminated "during the term of this appointment," defendant was required to notify plaintiff six months in advance of such event. Second, "[u]nder normal circumstances," notice of continuation, alteration or nonrenewal was to be "issued no later than June 1, 2006, which [was] 3 months prior to the expiration of [plaintiff's] current appointment." Third, if termination was for cause, "including performance which [was] less than satisfactory to [defendant]," defendant was to provide plaintiff with "notice of immediate dismissal." By reason of certain deficiencies in her performance, defendant placed plaintiff on probation for six months, beginning January 17, 2006. On July 10, 2006, plaintiff was informed that her employment was terminated effective at the expiration of the contract term on August 31, 2006. Alternatively, defendant offered plaintiff a different position as a faculty clinician, with the same salary and benefits that she currently held. Plaintiff refused the new position and brought this action seeking recovery of six months salary, plus accrued vacation time and benefits. Defendant made a preanswer motion to dismiss and/or for summary judgment pursuant to CPLR 3211 (a) (7) and CPLR 3212. Following oral argument, Supreme Court granted summary judgment to defendant and dismissed the complaint. Plaintiff appeals.

Our analysis begins with the procedural aspect of this case. As a general rule, summary judgment pursuant to CPLR 3212 is premature prior to issue having been joined by service of an answer (see *Lockheed Martin Corp. v Aatlas Commerce, Inc.*, 283 AD2d 801, 802 [2001]). A court may, however, by giving appropriate notice pursuant to CPLR 3211 (c), treat a CPLR 3211 motion as one for summary judgment (see *id.* at 802). A recognized exception to the notice requirement is found in cases where the parties have laid bare their proof and deliberately charted a summary judgment course (see *id.* at 802-803; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]). Although plaintiff's counsel notes that issue has not been joined or discovery completed, opposition to the motion is predicated on the existence of issues of fact, i.e., (1) whether the terms of plaintiff's employment require either three months or six

months notice of termination and (2) whether defendant was genuinely dissatisfied with plaintiff's performance. Moreover, both parties have submitted all of the documentary evidence concerning this dispute, clearly charting a summary judgment course. Therefore, Supreme Court properly decided the motion as one for summary judgment.

As a substantive matter, the issues raised by plaintiff are not relevant to the disposition of this case. It is axiomatic that when an employment contract contains a fixed term, the employment terminates on the date specified in the contract (*see Rosen v Vassar Coll.*, 135 AD2d 248, 251 [1988], *lv denied* 72 NY2d 805 [1988]; *Bradley v New York Univ.*, 124 NYS2d 238, 241 [1953], *affd* 283 App Div 671 [1954], *affd* 307 NY 620 [1954]; *see also Zador v Millard Fillmore Hosp.*, 261 AD2d 876, 877 [1999], *lv denied* 93 NY2d 816 [1999]; *De Simone v Siena Coll.*, 243 AD2d 1037, 1038 [1997]). However, if the contract contains a clause obligating the employer to give the employee notice that the contract will not be renewed, the employer breaches the contract if there is a failure to comply with the notice requirement (*see De Simone v Siena Coll., supra* at 1038; *De Simone v Skidmore Coll.*, 159 AD2d 926, 927 [1990]).

Here, "[p]laintiff was employed for the full time for which she had been hired and was paid accordingly. Defendant promised no more than that" (*Brumbach v Rensselaer Polytechnic Inst.*, 126 AD2d 841, 842 [1987] [citation omitted]; *see De Simone v Siena Coll., supra* at 1038). Specifically, plaintiff's contract was for a definite term expiring on August 31, 2006. Although the contract provided that, "[u]nder normal circumstances, notice of continuation, alteration, or non-renewal will be issued no later than June 1, 2006," the fact that plaintiff was previously placed on probation for performance deficiencies cannot be considered normal circumstances and, in any event, this contract provision in no way bound defendant to give three months notice of nonrenewal (*see De Simone v Siena Coll., supra* at 1038; *Brumbach v Rensselaer Polytechnic Inst., supra* at 842).

Plaintiff's employment was not prematurely terminated during the course of her contractual term of appointment nor, as the documentary evidence establishes, was the position eliminated. Thus, none of the termination provisions of the contract was triggered. As defendant fulfilled its obligations under the contract, Supreme Court properly granted the motion for summary judgment dismissing the complaint. Plaintiff's other arguments have been considered and either lack merit or have not been preserved for appellate review.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.