■    HARVEY RIPPS, Plaintiff, and JOAN RIPPS, Respondent, v LAWRENCE H. GOLTZ, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 10, 1979 in Schenectady County, which denied defendant's motion to (1) dismiss the complaint on the ground that a defense is founded upon documentary evidence; (2) grant summary judgment dismissing the complaint; and (3) compel arbitration. On December 26, 1975, plaintiff Joan Ripps and defendant Lawrence Goltz entered into a "Standard Form of Agreement Between Owner and Architect" (agreement) in which defendant, a licensed architect, agreed to design a single family residence for plaintiff. The agreement provided plaintiff with the option of

having the house built by a contractor of her own choice, in which event defendant's fees as architect were agreed upon, or have the house constructed by Great North Structures, Inc. (GNS), a corporation of which defendant is president. Section 14.3 of the agreement stated that if plaintiff did enter into a contract with GNS, the agreement between plaintiff and defendant "shall be considered null and viod * * * and any payments made to [defendant] shall be returned to [plaintiff] * * * [GNS] thereupon is given full responsibility for the design and construction of the Project." The agreement also contained the following arbitration clause: Section "11.1 All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." On March 13, 1976, plaintiff entered into a construction contract with GNS, and defendant then returned to plaintiff all sums that had been paid to him pursuant to the agreement. Following the completion of the work performed under the construction contract between plaintiff and GNS, plaintiff commenced two actions, one against the defendant in his individual capacity for damages allegedly resulting from his defective design of her residence, and the other against GNS for breach of contract, negligence, improper workmanship and breach of warranty. The action against defendant in his individual capacity is the subject of this appeal. The complaint herein sets forth two causes of action, one for breach of contract and the other for negligence. Special Term denied defendant's motion to dismiss the complaint, as against the plaintiff Joan Ripps; denied defendant's motion for summary judgment; denied defendant's motion to compel arbitration; and vacated plaintiff's notice of intention to arbitrate. In our view, defendant's motion to compel arbitration should have been granted. Plaintiff, who now seeks to stay arbitration, herself demanded it on December 26, 1978. We reject her attempt to now avoid arbitration on the ground that the agreement terminated when she entered into the contract with GNS. Where, as here, the parties have entered into a valid contract containing a broad arbitration clause, "subsequent acts or documents purporting or claimed to terminate an agreement containing a broad arbitration clause, if in dispute, raise issues for the arbitrators and not for the court" (Matter of Stein-Tex [Ide Mfg. Co], 9 AD2d 288, 289; quoted in Matter of Popular Pub. [McCall Corp.], 36 AD2d 927, 928). Pursuant to CPLR 7503 (subd [a]), we grant defendant's motion for an order to compel arbitration of the issues raised herein and to stay the instant action pending arbitration. Order modified, on the law, by reversing so much thereof as denied defendant's application for an order to compel arbitration of the issues raised herein and vacated plaintiff's notice of intention to arbitrate, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.