■ ISIDRO M. BULATAO, M. D., P. C., Respondent, v JOSE POSADA, Appellant.—Kane, J. Appeal from that part of an order of the Supreme Court (Doran, J.), entered July 17, 1986 in Albany County, which denied defendant's cross motion to the extent that it sought to dismiss the complaint pursuant to CPLR 3211 (a) (1) or (7) or CPLR 3212.

On July 1, 1983, defendant entered into a written employment agreement with plaintiff, whose principal place of business is located in Latham, Albany County. Defendant was employed to perform cardiothoracic surgery. Under the terms

of the agreement, plaintiff agreed to pay defendant an annual salary of $80,000. The agreement further specified the duration of defendant's employment as follows: "1. *Employment.* Effective from and after July 1, 1983, Employee shall faithfully serve Employer in the practice of thoracic surgery (hereinafter called "Practice") until this association is terminated as provided in paragraph 11." The agreement also contained a restrictive covenant, an arbitration clause and a provision against oral modification.

On July 1, 1984, plaintiff tendered defendant a second written agreement identical in terms to the first except that it increased defendant's annual salary to $100,000 and extended his vacation leave. Defendant did not sign this agreement but continued in plaintiff's employ until April 9, 1985. At about that time, defendant publicly announced the opening of his medical practice, specializing in cardiothoracic surgery, located in Albany County.

In February 1986, plaintiff commenced the instant action against defendant for breach of contract, wrongful conversion and a permanent injunction. As an incident thereto, plaintiff moved for an order preliminarily enjoining defendant from practicing cardiothoracic surgery in Albany and Rensselaer Counties. On March 17, 1986, defendant served his answer denying substantially all of plaintiff's allegations. In addition, he cross-moved for an order dismissing the complaint pursuant to CPLR 3211 (a) (1), (2) and (7) or CPLR 3212, or in the alternative, an order directing arbitration pursuant to CPLR 7503 (a). Supreme Court denied plaintiff's motion and that part of defendant's cross motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (1), (2) or (7) or CPLR 3212. The court, however, granted defendant's cross motion to the extent of directing arbitration pursuant to CPLR 7503 (a). Defendant appeals from that part of the order denying his cross motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (1) or (7) or CPLR 3212.

The dispute between the parties concerns the duration of defendant's employment contract. Plaintiff maintains that the employment agreement was to remain in effect until the occurrence of one of the events specified in paragraph 11 dealing with termination. Since none of these events occurred, plaintiff argues that the employment agreement was still in effect as of April 9, 1985, the date defendant left his employ. Defendant, on the other hand, maintains that the employment agreement was only in effect from July 1, 1983 to June 30, 1984.

The contract in question is inartfully drawn and contains numerous ambiguities, including an ambiguity concerning the duration of defendant's employment under the agreement. Due to the ambiguity of the contract entered into between the parties on July 1, 1983, significant factual issues exist which would preclude dismissal of the complaint pursuant to CPLR 3211 (a) (1) or (7) or CPLR 3212. Moreover, the contract provided that: "13. *Disputes.* Any dispute or controversy arising under this agreement shall be determined and settled by arbitration under the rules of the American Arbitration Association. The arbitration award shall be final and binding and judgment on the award may be entered by any court having competent jurisdiction." Since the crucial issue in this case concerns whether the employment agreement lapsed after June 30, 1984, thereby releasing defendant from the confines of the restrictive covenant, Supreme Court properly directed arbitration *(see, Flanagan v Prudential-Bache Sec.,* 67 NY2d 500; *Matter of Cassone,* 63 NY2d 756; *Ripps v Goltz,* 75 AD2d 701). The order should therefore be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.