■ HEADQUARTERS BUICK-NISSAN, INC., Respondent, v MICHAEL OLDSMOBILE, Doing Business as CREST AUTO LEASING, et al., Appellants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 2, 1988, which granted plaintiff's motion for a preliminary injunction to the extent of enjoining the defendants from, *inter alia,* divulging or using plaintiff's customer data or other confidential business information, and otherwise denied the motion with leave to renew, unanimously reversed, on the law, the facts and as a matter of discretion, without costs, and the motion denied.

The plaintiff corporation operates automobile dealerships throughout New Jersey. Defendant Michael Oldsmobile, doing business as Crest Auto Leasing (hereinafter Crest), operates automobile dealerships in New York, New Jersey, and Connecticut. In late 1987, defendant Deutsch, plaintiff's former director of leasing, as well as defendants Van Slyke, Johnson, Korn and Wasserman, all of whom were employed by plaintiff as leasing managers, quit plaintiff and began to work for Crest. It is alleged that defendants Deutsch and Silverstein, Crest's president, solicited other employees of plaintiff to join

Crest at a time when Deutsch was still employed by the plaintiff.

In response to the "raiding" of its employees by Crest, plaintiff commenced this action seeking injunctive relief as well as compensatory and punitive damages, alleging breach of fiduciary duty, unfair competition, tortious interference with contractual relations, and tortious interference with prospective economic advantage. Plaintiff then moved for injunctive relief to restrain the defendants from:

(i) directly or indirectly soliciting, diverting, taking away or attempting to take away from plaintiff its customers or the business or patronage of such customers;

(ii) interfering with plaintiff's business relationships, negotiations or outstanding contracts between plaintiff and its customers, employees or agents;

(iii) directly or indirectly communicating with or contacting potential clients who were clients of plaintiff at the time that any defendant was employed by plaintiff;

(iv) directly or indirectly divulging to any person or entity the name of any customer of plaintiff or disclosing any customer's needs, histories, order information, credit data and requirements or any other confidential business information of plaintiff;

(v) using, in any manner, plaintiff's customer data and any other confidential business information obtained from plaintiff.

A temporary restraining order was issued with respect to items (iv) and (v) only. Subsequently, upon submission of the motion and after oral argument, the court below granted a preliminary injunction with respect to those same items, and otherwise denied the motion with leave to renew.

Plaintiff's primary contention is that the solicitation of plaintiff's employees by Deutsch while still employed by plaintiff constituted a serious breach of fiduciary duty, and in itself warranted injunctive relief. We do not find this argument persuasive. All of the defendants who were former employees of plaintiff were employees at will. None of them was bound by contract, much less a covenant not to compete. In the absence of a breach of fiduciary duty, a covenant not to compete, or fraud, an at-will employee is free to compete with his former employer. *(Anchor Alloys v Non-Ferrous Processing Corp.,* 39 AD2d 504, *lv denied* 32 NY2d 612.) Indeed, absent the use of plaintiff's time or facilities, and absent diversion of plaintiff's business, the defendants could have lawfully incor-

porated a competing business while still employed by plaintiff. *(Metal & Salvage Assn. v Siegel,* 121 AD2d 200, 201.) Nor is the mere inducement of an at-will employee to join a competitor actionable, unless dishonest means are employed, or the solicitation is part of a scheme designed solely to produce damage *(Coleman & Morris v Pisciotta,* 279 App Div 656; *Anchor Alloys v Non-Ferrous Processing Corp., supra),* none of which is demonstrated here.

Plaintiff produced no evidence that the defendants took with them any confidential customer lists or other confidential data, nor did plaintiff show that any of its clients were solicited by the defendants. Moreover, plaintiff failed to demonstrate by competent evidence that its client list was not readily available from nonconfidential sources, or that these customers could not be ascertained absent extraordinary efforts, all of which must be proved before a customer list can be considered confidential or proprietary. *(Leo Silfen, Inc. v Cream,* 29 NY2d 387.)

Indeed, the plaintiff failed to rebut defendants' showing that Crest is not a competitor of the plaintiff. According to defendants, the Crest dealership nearest geographically to a dealership owned by plaintiff is at least 10 miles away, a distance alleged by defendants to be too far to compete in what they characterize as a highly localized market. Plaintiff did not dispute these assertions.

The court below, as appears from the transcript of the oral argument, granted limited injunctive relief because doing so, in its view, did not harm the defendants. This is not the standard upon which injunctive relief is granted. Plaintiff must demonstrate a likelihood of success on the merits, irreparable injury, and a balance of the equities favoring plaintiff. *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747.) Plaintiff has not demonstrated a probability that it will ultimately prevail in this action, nor has plaintiff demonstrated that the defendants possess confidential information or that they threaten to use or divulge any confidential information.

We also note that there is little evidence that any of the defendants who previously worked for plaintiff were "key" employees. *(Reed, Roberts Assocs. v Strauman,* 40 NY2d 303.) The affidavit submitted by plaintiff in this regard provided few details as to the functions performed by any past or present employee. Indeed, even Pamela Nesbitt, an employee who claims she was solicited to join defendants, and who described herself as doing "leasing administration and related banking

work", is identified by plaintiff, with apparent candor, as a "key administrative leasing employee."

Finally, plaintiff's reliance on *Jones Co. v Burke* (306 NY 172) is misplaced. That case involved "unusual facts" *(Town & Country House & Home Serv. v Newbery,* 3 NY2d 554, 557), since there the defendants, planning to paralyze and seize the business of the plaintiff, virtually overnight appropriated over half of the business, almost all of the skilled employees, and a majority of the work force. Here, there is no showing that any business has been diverted to defendants. As for the employees who left the plaintiff, defendants Van Slyke, Johnson, and Korn, had all previously worked with defendant Silverstein, and had joined *plaintiff* at defendant Deutsch's request. It is hardly unusual that they left with Deutsch to join Crest, especially since none had worked for plaintiff for more than a year. All had personal reasons for joining Crest, which do not suggest any motive to harm the plaintiff corporation. Nor has it been shown that defendant Deutsch's knowledge of the employees' salary or benefits played any part in this case. Defendant Wasserman, who had no previous relationship with defendants Silverstein or Deutsch, stated that it was he who requested to join the defendants. These facts are not rebutted by plaintiff. No affidavit of any other person purportedly solicited, except for Pamela Nesbitt, was furnished by plaintiff. We find under these circumstances little evidence to show that the "raiding" of plaintiff's employees was designed to harm plaintiff, or evinced such serious misconduct as to make it likely that defendants intend, without further evidence that such is the case, to use or divulge confidential information allegedly taken from plaintiff. Concur—Sullivan, Carro, Asch and Kassal, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I concur in the result on the basis only that one year having elapsed since the granting of the limited preliminary injunction, there has been a reasonable amount of interdiction to protect the plaintiff.