■ Norman Weil Textiles, Inc., Appellant, v Sheldon Zaretzky et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on March 31, 1989, which, *inter alia,* denied plaintiff's motion for a preliminary injunction, and order of the same court and same Justice, entered on or about March 6, 1990, which, *inter alia,* denied plaintiff's motion for a renewal and/or reargument and for an order holding defendant Sheldon Zaretzky in contempt of court, unanimously affirmed, with costs.

Plaintiff, a closely held family corporation engaged in textile design and weaving of specialty fabrics, seeks injunctive relief, enforcing the provisions of a nondisclosure and nonsolicitation covenant contained in an employment agreement, against plaintiff's former president and chief executive officer, defendant Sheldon Zaretzky.

Specifically, defendant Zaretzky continued in the plaintiff's employ pursuant to the employment agreement, dated December 29, 1982, until January of 1989, when he was formally removed by the board of directors as chief executive officer and relieved of his responsibility for the general management of the corporation for allegedly failing to timely submit detailed plans, for consideration by the board, for the corporation's future.

Upon review of the record, we find that the IAS court did not abuse its discretion in denying plaintiff's motion for injunctive relief or in refusing to hold defendant Zaretzky in contempt of court for his alleged willful refusal to comply with a January 30, 1989 oral order of the court directing him to return certain property to the plaintiff.

Specifically, plaintiff has not shown that it is likely to prevail on the merits and, accordingly, has not demonstrated its right to the injunctive relief sought by demonstrating that its customer lists, which were readily available from public sources, and the fabric samples taken by defendant Zaretzky

were, in fact, information legitimately deserving of protection as a "trade secret". *(Headquarters Buick-Nissan v Michael Oldsmobile,* 149 AD2d 302.)

In any event, since the nonsolicitation covenant in question specifically provided that it was not applicable if the employee is involuntarily terminated, other than for legal cause, and since conflicting affidavits raise a triable issue of fact as to whether the plaintiff breached the employment agreement in eliminating defendant Zaretzky's position as its chief executive officer, we find that the injunctive relief sought was therefore properly denied. *(Walter Karl, Inc. v Wood,* 137 AD2d 22, 26; *Cool Insuring Agency v Rogers,* 125 AD2d 758, 759, *mot to dismiss appeal granted* 69 NY2d 1037.)

Finally, contrary to plaintiff's assertions, the January 30, 1989 oral order, directing defendant Zaretzky to return certain property to the plaintiff, did not, as the IAS court properly found, satisfy the prerequisites for a finding of contempt of court by clearly expressing an unequivocal mandate of the court, or by establishing, with reasonable certainty, that the order had been disobeyed. *(Matter of McCormick v Axelrod,* 59 NY2d 574, 583, *amended* 60 NY2d 652.) Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.