OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
General Municipal Law § 207-m provides that "whenever the base salary of the permanent full-time police officer * * * who is the highest ranking subordinate to the head of the police department in such unit, is increased, the salary of the permanent full-time head of the police department shall be increased by at least the same dollar amount.” Petitioner, the Chief of Police of the Village of Dolgeville, has received pay increases each time the base salary of the highest ranking subordinate position in his department, Patrolman Grade I, was increased even though that position was vacant when the salary increases were instituted. The position has since been filled by Officer Scott Stefanec who rose through the ranks of the department from Patrolman Recruit to Patrolman Grade I, and is now the petitioner’s highest ranking subordinate. Petitioner argues here that General Municipal Law § 207-m mandates that he receive an additional pay increase equal to the sum of those received by Stefanec as he rose through the ranks. We disagree.
The purpose of General Municipal Law § 207-m is to prevent the compression of salaries as between police department heads who are not members of negotiating units, and their subordinates who are (see, Bill Jacket, L 1977, ch 827, Mem Supporting A 7913; 1986 Opns St Comp No. 86-23; 1984 Opns St Comp No. 84-20). The problem of salary compression does not arise from an individual’s rise through the ranks and consequent increase in pay pursuant to a set pay scale but rather from an increase in the pay scale itself whereby the base salary for the highest ranking subordinate position becomes equal to or *885 greater than that of the department head. Thus, section 207-m is best interpreted to require that the head of the department receive a salary increase whenever the base salary of the highest ranking subordinate position is increased, whether or not the position itself is filled. Accordingly, petitioner has received all that he was entitled to under the General Municipal Law, and his petition was properly dismissed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.