■ THOMAS F. KOVACH, Appellant, v MAURICE HINCHEY et al., Respondents. [714 NYS2d 791] —Cardona, P. J. Appeal from an order of the Supreme Court (Coutant, J.), entered January 26, 1999 in Broome County, which, *inter alia*, dismissed the complaint against all defendants.

Plaintiff is a resident of the Village of Endicott, Broome County, located within the 26th Congressional District. Defendant Maurice Hinchey is the duly elected Member of Congress representing that District. Plaintiff ran unsuccessfully against Hinchey for that congressional seat in the 1994 election. In September 1998, Hinchey filmed a political advertisement in front of the Union-Endicott High School in connection with his reelection campaign. Thereafter, plaintiff commenced this action alleging, *inter alia*, that Hinchey and defendant Friends of Maurice Hinchey engaged in illegal campaign tactics and used illegally obtained funds to finance Hinchey's 1992 campaign (first and third causes of action). The complaint further alleged that Hinchey's use of the property of defendant Union-Endicott School District (hereinafter the District) to film his political advertisement violated the provisions of various statutes (second cause of action). The complaint asserted claims against

the District premised upon Hinchey's use of school property (fifth and sixth causes of action). Furthermore, the complaint avers that defendant New York State Democratic Party (NYSDP), defendant New York State Democratic Committee (NYSDC) and its chairperson, defendant Judith Hope, and defendant Broome County Democratic Committee and its chairperson, defendant Barbara Paoletti, had a moral duty to withhold campaign funding from a candidate who engaged in illegal tactics (fourth cause of action).

Plaintiff failed to properly effectuate service upon the District, its Superintendent, defendant Dennis M. Sweeney, NYSDP, NYSDC and Hope (hereinafter collectively referred to as the remaining defendants) and, consequently, they did not file answers to the complaint. Following service of answers by Hinchey and Friends (hereinafter collectively referred to as the Hinchey defendants) and Paoletti and the Broome County Democratic Committee (hereinafter collectively referred to as the Paoletti defendants), each moved, *inter alia*, to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). Plaintiff opposed the motions and sought, *inter alia*, permission to proceed as a poor person. Supreme Court, *inter alia*, granted the motions of the Hinchey defendants and the Paoletti defendants dismissing the complaint in its entirety. This appeal ensued.

In considering a motion to dismiss for failure to state a cause of action, a court must take the allegations of the complaint as true and, giving the plaintiff the benefit of every possible inference, determine "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88; *see, Guggenheimer v Ginzburg*, 43 NY2d 268, 275). Upon reviewing plaintiff's complaint herein, we perceive no legal grounds for recovery. Plaintiff's first and third causes of action against the Hinchey defendants are premised upon statements that Hinchey engaged in illegal campaign tactics and used illegally obtained funds to finance his campaign which, when combined with Hinchey's incumbency, deprived plaintiff of victory in the 1994 congressional election. Such claims are not supported by factual information and, therefore, must be categorized as purely speculative. Furthermore, plaintiff's complaint alleging fraud in connection with those claims lacks sufficient particularity and must be dismissed (*see*, CPLR 3016 [b]; *Barclay Arms v Barclay Arms Assocs.*, 74 NY2d 644, 646-647).

Plaintiff's second cause of action asserting that Hinchey illegally filmed his political advertisement in front of District

property is similarly conclusory. Although he alleges that such conduct violated the Education Law, the Election Law and the Penal Law, he has failed to identify the specific provisions allegedly transgressed as a legal basis for relief. Likewise, plaintiff's fourth cause of action against the Paoletti defendants premised upon a moral duty to withhold campaign funds from Hinchey cannot withstand the motion to dismiss because it does not provide a ground for legal relief. In sum, even viewing the allegations of the complaint in the light most favorable to plaintiff, we do not find the allegations support any cognizable legal theory warranting relief.

In addition, insofar as plaintiff failed to acquire personal jurisdiction over the remaining defendants, Supreme Court properly dismissed the complaint in its entirety. Plaintiff's remaining contentions have been examined and found to be without merit.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.