■ HANS W. DELLITH, Appellant, v ONEONTA CITY SCHOOL DISTRICT et al., Respondents. [720 NYS2d 637] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Dowd, J.), entered November 15, 1999 in Otsego County, which denied plaintiff's cross motion to dismiss defendants' counterclaims for failure to state a cause of action.

Plaintiff was employed by defendant Oneonta City School District (hereinafter the District), pursuant to a written agreement with a renewal clause, as Superintendent for a term beginning July 1, 1993 and ending June 30, 1997. On November 28, 1995, plaintiff notified the District that he would not be seeking an extension of his employment beyond June 30, 1997. In February 1997, the District provided plaintiff with a printout setting forth various sick leave and vacation days he had accumulated during his employment. On March 14, 1997, plaintiff advised the District that he was taking vacation effective April 15, 1997. On that date, he commenced employment as the Superintendent of a school district in Rhode Island. Although plaintiff still had unused leave time, the District refused to compensate him.

Thereafter, plaintiff commenced this action against the District and defendant Board of Education of the Oneonta City School District seeking, *inter alia*, monetary reimbursement for unused sick, vacation and personal leave. Defendants

served an answer with four counterclaims alleging breach of the written employment agreement. Thereafter, defendants moved, *inter alia*, for an order of preclusion based upon plaintiff's alleged failure to comply with certain discovery demands. Plaintiff, in turn, cross-moved for dismissal of the counterclaims pursuant to CPLR 3211 (a) (1) and (7). Supreme Court denied plaintiff's cross motion resulting in this appeal.

Initially, we note that inasmuch as plaintiff's notice of appeal discloses that he is appealing only from that portion of Supreme Court's order as denied his motion under CPLR 3211 (a) (7), he has waived his argument that the counterclaims should have been dismissed under CPLR 3211 (a) (1) (*see*, *Clifford R. Gray, Inc. v City School Dist.*, 277 AD2d 843, 846-847; *Boyle v Taylor*, 255 AD2d 411, 412). Nevertheless, even if we were to consider the merits of this claim, we would find it unpersuasive. The employment agreement is at the heart of plaintiff's dismissal motion regardless of whether we are considering CPLR 3211 (a) (1) or (7). With regard to outside employment, the agreement states that: "The Superintendent shall devote his full-time, skill, labor and attention to the discharge of his duties during the term of this Agreement; provided, however, that he may undertake consultive work, speaking engagements, writings, lecturing or other professional duties, obligations and activities, with or without remuneration, so long as such activities do not interfere with the full and faithful discharge of the Superintendent's duties and responsibilities as specified herein." Plaintiff argues that he was entitled to engage in outside employment under the terms of the above provision and, due to the fact that he was on vacation when he commenced employment in Rhode Island, he did not violate its terms.

We note that to obtain dismissal of a claim on the basis of documentary evidence under CPLR 3211 (a) (1), such evidence "must be such that it resolves all the factual issues as a matter of law and conclusively and definitively disposes of the plaintiff's claim" (*Fernandez v Cigna Prop. & Cas. Ins. Co.*, 188 AD2d 700, 702; *see*, *Vanderminden v Vanderminden*, 226 AD2d 1037, 1039). The test for determining if a cause of action should be dismissed for failure to state a cause of action under CPLR 3211 (a) (7) is whether, affording the pleading a liberal construction, the party has a claim under any cognizable legal theory (*see*, *Kovach v Hinchey*, 276 AD2d 942, 943; *1455 Washington Ave. Assocs. v Rose & Kiernan*, 260 AD2d 770, 771).

In the instant case, a plain reading of the employment agree-

ment does not establish that dismissal of the counterclaims was warranted under either CPLR 3211 (a) (1) or (7) (*see, Bulatao v Posada*, 128 AD2d 1008, 1010). Significantly, the provision concerning outside employment clearly states that "[t]he Superintendent shall devote his full-time, skill, labor and attention to the discharge of his duties *during the term of this Agreement*" (emphasis supplied). Inasmuch as the term of the agreement did not expire until June 30, 1997, defendants' counterclaims premised upon plaintiff's breach of the employment agreement have potential merit notwithstanding the fact that plaintiff was on vacation when he began other employment. Furthermore, we cannot state, as a matter of law, that the parties to this contract envisioned outside employment to include a full-time position as Superintendent in another school district even while on vacation. Therefore, we find no reason to disturb Supreme Court's order.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.