■ LOCKHEED MARTIN CORPORATION, Appellant, v AATLAS COMMERCE, INC., et al., Respondents. [725 NYS2d 722] —Cardona, P. J. Appeal from an order of the Supreme Court (Coutant, J.), entered June 30, 2000 in Broome County, which granted defendants' motions for summary judgment dismissing the complaint.

Defendant Aatlas Commerce, Inc. is a new company providing business-to-business e-commerce software and related services designed to help other companies buy inventory and supplies at reduced rates. In December 1999, Aatlas ran a classified newspaper advertisement seeking software designers for its office in the Village of Endicott, Broome County. In January 2000, defendant Lynn Slota began working for Aatlas as a director of development whose responsibilities included product planning and supervision of the development and maintenance of the e-commerce website. Previously, Slota was employed as a program manager for plaintiff, a multinational corporation that provides systems and software services to various industries. During the course of her 12-year employment with plaintiff in the Village of Owego, Tioga County,

Slota was contractually bound to maintain the confidentiality of plaintiff's trade secrets and proprietary information. Upon leaving plaintiff's employment, Slota signed a statement of understanding acknowledging her continuing obligations pursuant to the confidentiality agreement.

Following Slota's departure, plaintiff noticed that a number of its software engineers from the Owego location left and began employment at Aatlas. Plaintiff suspected that Aatlas, through Slota, was privy to, *inter alia*, confidential information regarding plaintiff's organizational structure, as well as the employees' experience, abilities and salaries. Plaintiff commenced this action in March 2000 seeking equitable relief and monetary damages alleging, *inter alia*, that defendants engaged in the practice of "employee raiding" and that such constituted tortious interference with plaintiff's contractual relations and economic advantage. Plaintiff also asserted a breach of contract cause of action against Slota.

In lieu of answering, defendants separately moved for dismissal of the complaint pursuant to CPLR 3211 or, in the alternative, for summary judgment. Defendants submitted affidavits from the 13 former at-will employees identified by plaintiff as being "raided" by Aatlas. They all averred that they had initiated contact with Aatlas about possible employment and had not been recruited by Slota. Furthermore, the employees indicated that they had not worked on e-commerce while employed by plaintiff. In opposing the motions, plaintiff submitted an affidavit from one of its employees, Patricia Wiggins, who stated that she received an unsolicited telephone call in March 2000 from a woman identified only as "Lynn," who asked her to join an unnamed technology firm. The caller seemed to have knowledge of Wiggins' employment status and salary level. Slota submitted a reply affidavit denying that she knew Wiggins and stating that she "did not contact her by telephone or any other means to solicit, discuss or offer her employment with Aatlas." Supreme Court granted summary judgment in favor of both defendants and dismissed the complaint, resulting in this appeal.

Initially, we find that Supreme Court erred in deciding defendants' motions pursuant to CPLR 3212 given that issue was not joined and notice of conversion of the motions was not given to the parties by the court pursuant to CPLR 3211 (c). Therefore, the motions should have been decided pursuant to CPLR 3211. While "the notice requirement may be obviated in cases where it can be found that the parties 'deliberately chart[ed] a summary judgment course' " (*Henbest & Morrisey v*

*W. H. Ins. Agency*, 259 AD2d 829, 829-830, quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320), that situation does not exist herein. In an affidavit opposing defendants' motions, plaintiff clearly argued that summary judgment was premature and that discovery was necessary to, *inter alia*, depose its former employees, including Slota (*see, Henbest & Morrisey v W. H. Ins. Agency, supra*; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:49, at 68). Under these circumstances, summary judgment was not appropriate.

Since the motions were improperly resolved pursuant to CPLR 3212, we proceed to determine the motions to dismiss in accordance with the requirements of CPLR 3211 and, in doing so, "must take the allegations of the complaint as true and, giving the plaintiff the benefit of every possible inference, determine 'whether the facts as alleged fit within any cognizable legal theory' " (*Kovach v Hinchey*, 276 AD2d 942, 943, quoting *Leon v Martinez*, 84 NY2d 83, 87-88; *see, Dellith v Oneonta City School Dist.*, 280 AD2d 864). Specifically, plaintiff principally pleads that defendants tortiously interfered with plaintiff's contractual rights vis-à-vis its employees who left plaintiff to join Aatlas. In order to prevail, plaintiff must show (1) the existence of a valid contract between plaintiff and its employees, (2) defendants' knowledge of that contract, (3) defendants' intentional inducement of employees to breach that contract, and (4) damages (*see, Murray v SYSCO Corp.*, 273 AD2d 760, 761). Where, as here, the allegations concern at-will employees not bound by covenants not to compete, plaintiff has the high burden of asserting that "defendant employed wrongful means, such as fraud, misrepresentation or threats to effect the termination of employment" (*id.*, at 761; *see, Headquarters Buick-Nissan v Michael Oldsmobile*, 149 AD2d 302, 304; Restatement [Second] of Torts § 768). An allegation of persuasion is not sufficient to meet that standard (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191).

Thus, to sustain this cause of action, plaintiff would have to allege that Aatlas undertook very serious misconduct in hiring the former employees. Plaintiff maintains that it has done so by asserting that Aatlas induced Slota to improperly reveal "confidential and proprietary information concerning the identity, abilities, assignments and experience of [plaintiff's] key Software Engineers." Even taking plaintiff's allegations as true, we do not find that plaintiff has sufficiently alleged wrongful conduct on the part of defendants that would "support any

cognizable legal theory warranting relief" (*Kovach v Hinchey*, 276 AD2d 942, 944, *supra*). Although plaintiff submitted copies of the confidentiality agreement and "Statement of Understanding" signed by Slota, our review of those documents reveals no support for plaintiff's interpretation as to the scope of Slota's obligations. Notably, the confidentiality agreement does broadly state that "confidential information" may include "personnel matters," however, the confidentiality agreement and, more particularly, the statement of understanding, specifically define confidential information as material not made available generally to the public and which is:

"(a) generated or collected by or used in the operations of [plaintiff] that rel[ate] to the actual or anticipated business or research or development of [plaintiff], or

"(b) suggested by or resulting from any task assigned to [the employee] or work performed by [the employee] for or on behalf of [plaintiff]."

Although plaintiff alleges in a conclusory fashion that general information as to its employees' salary, position and experience are clearly included within this definition, "[i]t strains credulity to characterize this type of information as confidential" (*Reed, Roberts Assocs. v Strauman*, 40 NY2d 303, 308). If plaintiff's construction of the agreement is accepted, no employee of plaintiff, including Slota, could fill out an employment questionnaire, resume or credit application without breaching the confidentiality agreement. Significantly, plaintiff fails to affirmatively allege in its complaint that said information is not "readily discoverable through public sources" (*id.*, at 308; *see, Meer Dental Supply Co. v Commisso*, 269 AD2d 662; *Headquarters Buick-Nissan v Michael Oldsmobile*, *supra*). Thus, even viewing the allegations in the light most favorable to plaintiff, its "claims are not supported by factual information and, therefore, must be categorized as purely speculative" (*Kovach v Hinchey, supra*, at 943). Accordingly, we find that plaintiff has not adequately set forth wrongful conduct on the part of defendants that states a cause of action for tortious interference.

Plaintiff's remaining causes of action are similarly deficient. Plaintiff's failure to sufficiently allege that defendants used "improper means or acted solely for the purpose of injuring plaintiff" defeats its claim of tortious interference with its economic advantage (*Alexander & Alexander v Fritzen*, 68 NY2d 968, 969; *see, Dobies v Brefka*, 263 AD2d 721, 724). Furthermore, since plaintiff's confidentiality agreement on its face does not include within its definition the conduct alleged against

Slota, we find that the breach of contract claim against her should be dismissed as insufficient.

Finally, we have examined plaintiff's remaining arguments and find them to be without merit.

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted defendants' motions to dismiss on the basis of CPLR 3212; said motions granted pursuant to CPLR 3211; and, as so modified, affirmed.