[729 NYS2d 520]

In the Matter of JOSHUA BERNSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 20, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Colette Landers* of counsel), for petitioner.

*Joshua Bernstein,* Rockaway Park, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition that contained three charges of professional misconduct against him. In his

answer, he admitted in part and denied in part the allegations contained in the petition. After a hearing, the Special Referee sustained all three charges. The Grievance Committee moves to confirm the Special Referee's report, and the respondent opposes the Grievance Committee's motion.

Charge One alleged that the respondent converted clients funds that were entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (3) and (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [3], [7]).

On or about July 1, 1999, Dr. Alexander Hollander, a dentist, was arrested pursuant to a 36-count criminal indictment charging him with grand larceny in the third degree (two counts), scheme to defraud in the first degree, offering a false instrument for filing in the first degree (27 counts), falsifying business records in the first degree (three counts), and perjury in the first degree (three counts). The respondent represented Dr. Hollander at his arraignment, and bail was set at $50,000. Also on July 1, 1999, the respondent received $4,400 in cash on behalf of Dr. Hollander for bail. The respondent failed to apply those funds towards Dr. Hollander's bail and failed to return the money to Dr. Hollander or his representative upon demand. Instead, he converted the $4,400 to his own use and benefit.

Based on the evidence adduced at the hearing, Charge One was properly sustained by the Special Referee. We find that the remaining two charges were not properly sustained.

The respondent presented no mitigating circumstances at the hearing. He continues to maintain his innocence, arguing that his retaining lien on Dr. Hollander's $4,400 was proper.

The respondent has no prior disciplinary history.

Despite the fact that the respondent was admitted to the practice of law less than one year when the events in question occurred, the fact remains that he allowed his client to remain in prison while he converted to his own use money that was supposed to be used for bail. Under these circumstances, the respondent's disbarment is warranted.

O'BRIEN, J. P., RITTER, SANTUCCI, KRAUSMAN and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted insofar as Charges One is sustained, and the motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joshua Bernstein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joshua Bernstein is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.