OPINION OF THE COURT
Robert C. Mulvey, J.
*441 The respondent Village of Elmira Heights has moved, pursuant to CPLR 7804 (f), for an order dismissing this CPLR article 78 proceeding by former Chief of Police Robert N. Hauptman seeking separation pay pursuant to section 207-m of the General Municipal Law and seeking damages for violation of his civil rights under 42 USC §§ 1983 and 1988.
The petitioner has alleged that he is owed payment for accrued unused compensatory, vacation and sick time earned prior to November 6, 1992, when he was a patrolman and sergeant in the collective bargaining unit, and unused vacation time since that date as Chief. He contends that section 207-m of the General Municipal Law requires the respondent to furnish all forms of benefits available to his subordinates, which include payment for unused benefit time. He further contends that the respondent has denied him his due process and equal protection rights under the New York State and United States Constitutions.
In lieu of answering the petition, the respondent has moved for dismissal of the proceeding on the basis that the petition fails to state a claim and is otherwise deficient as a matter of law.
The respondent contends that the petition must be dismissed on the grounds that: (1) there was no express agreement regarding terms and conditions of employment; (2) payment by the respondent would violate the constitutional prohibition against gifts of public funds; (3) the petitioner lacks standing; (4) the proceeding was commenced after the expiration of the statute of limitations; and (5) the petition does not allege any valid constitutional claims.
Facts
On November 15, 2003 the petitioner notified the Mayor and other village officers of his intention to retire on January 30, 2004.
The petitioner was originally employed by the respondent as a patrolman from 1968 through 1989. He was promoted to sergeant and served in that position from 1989 until his promotion to Chief on November 6, 1992. While he served as a patrolman and sergeant, the petitioner was a member of the collective bargaining unit (CBA) represented by the Elmira Heights Police Benevolent Association. The series of CBAs since 1992 have specifically excluded the Chief of Police from membership in the bargaining unit.
At the time of his promotion to Chief, the petitioner alleges he was told by then-Mayor Brink (now deceased) “that he could *442 no longer earn or use comp time” and that “he could not collect on his comp time until he retired.” Petitioner has alleged that as of November 6, 1992, he had accrued 471 hours of unused compensatory time.
In December of 2003 the petitioner was advised by respondent’s officials that the Village “might not fully compensate him with an appropriate Separation Pay amount.” On January 7, 2004 the village trustees offered him separation pay in an amount less than he had calculated. On January 29, 2004 the petitioner requested separation pay in the amount of $39,769, comprised of 120 days of unused sick time, 2 weeks of unused vacation time, and 471 hours of compensatory time earned prior to his promotion to Chief of Police.
The petitioner retired on January 30, 2004. No separation pay, as requested by the petitioner, has been paid to him by the respondent.
The petitioner has furnished an affidavit by David L. Padgett, his predecessor as Chief of Police for the respondent. In that affidavit, Mr. Padgett states that the respondent paid him at retirement on November 1, 1992 for unused sick time that he had accrued as a sergeant prior to his promotion as Chief in 1987.
Discussion
In considering a motion to dismiss, the court must take the allegations of the petition as true, and giving the petitioner the benefit of every possible inference, determine whether the facts as alleged fit within any cognizable legal theory. (Lockheed Martin Corp. v Aatlas Commerce, Inc., 283 AD2d 801 [3d Dept 2001].)
First Cause of Action under General Municipal Law § 207-m
The petition invokes article 78 on the basis of the allegation that the respondent has failed to perform a duty enjoined on it by law, to wit: the failure to provide a separation “package” representing compensation for unused sick time, unused vacation time and unused compensatory time as required by section 207-m of the General Municipal Law.
This statute was enacted in 1977 to prevent salary “compression” between the heads of police departments and certain of their subordinates who are members of collective bargaining units. Prior to amendment in 1999, the statute required only that the chief receive the same increase in base salary that was *443 received by the permanent full-time police officer who was his highest-ranking subordinate in the bargaining unit.
In amending this statute in August 1999, the stated purpose of the legislation was “to assure that police chiefs receive the same compensation package as negotiated for their subordinates.” (Legislative Mem in Support of L 1999, ch 404, 1999 McKinney’s Session Laws of NY, at 1822; see also Matter of Murphy v Village of Dolgeville, 87 NY2d 883 [1995].)
The amendment added “other compensation” as a category of benefit that would be included in the salary adjustments for police chiefs. “Other compensation” is defined in the statute by way of a list of benefits, which is not all inclusive, and encompasses most employer fringe benefits. With respect to the specific benefits of overtime, holiday and shift differential pay, the statute excludes those items from consideration as salary or other compensation, unless the municipality, by resolution, ordinance, special or local law, elects to include such items of compensation within the employment benefit package of the police chief.
The benefits which are the subject of this special proceeding, unused sick time, unused vacation time and compensatory time, are not specifically referred to in the statute and have not been specifically excluded from consideration as salary or other compensation under the terms of the statute. In this court’s view, such benefits accordingly fall within the expansive definition of “other compensation.”
The court finds that the benefits which are the subject of this proceeding are included in salary or compensation adjustments for police chiefs under General Municipal Law § 207-m and that the petitioner has sufficiently pleaded a cause of action under that statute. The court is not persuaded by the respondent’s argument that the subject benefits are not affected by the statute because the petitioner’s sick time, vacation time and compensatory time were accumulated or earned prior to being promoted to police chief or that such benefits afforded to his subordinates were not increased following his appointment. To exclude such benefits from the ambit of the statute would be contrary to the purpose of the statute which is to prevent compression of salary/compensation for police chiefs, especially where the petitioner has been an employee of the police department for the entire time period in question. The subject benefits were earned during the course of his employment and such benefits have been and are afforded to the petitioner’s subordi *444 nates and, apparently, his predecessor and there are no allegations or proof that the petitioner knowingly waived or forfeited such benefits. (See 1990 Ops Atty Gen No. 90-81, 1990 WL 514579.)
It is undisputed that the petitioner had no written employment contract with the respondent, but the petitioner has made no claim for enforcement of such a contract in this proceeding. Petitioner seeks redress in the first cause of action solely under the terms of General Municipal Law § 207-m.
With respect to the respondent’s claim that the petitioner lacks standing, the court finds that such claim is without merit. Since the court has found that the provisions of section 207-m of the General Municipal Law are applicable in this instance and it is undisputed that the petitioner held the position of Chief of Police at the time of his retirement, he qualifies as a member of the class specifically protected by the statute and is entitled to seek redress thereunder.
Further, the court rejects the respondent’s assertion that this proceeding is barred by the applicable statute of limitations. The parties agree that the four-month statute of limitations under CPLR 217 applies and the court finds that petitioner’s claim for his retirement/separation package benefits did not accrue until such time as he was denied such benefits. Petitioner retired on January 29, 2004 and did not receive written confirmation from the respondent that his request for separation pay had been rejected until February 5, 2004. Even if January 7, 2004, the date the petitioner first received written notice from the respondent of a reduced separation package, is deemed the date of accrual, the commencement of this proceeding on May 3, 2004 was timely under the four-month statute of limitations.
The court therefore finds that the first cause of action adequately states a claim upon which relief can be granted.
Second Cause of Action — Constitutional Claims
The petition includes a second cause of action under 42 USC §§ 1983 and 1988. The petitioner has alleged that he has been deprived of his right to property in the form of separation pay (as protected by General Municipal Law § 207-m), without due process of law and in violation of his equal protection rights.
The petitioner argues that he was induced not to take his compensatory time due to the command of the deceased Mayor upon his promotion in 1992, and that he was induced not to *445 take his sick or vacation time due to the provisions of the collective bargaining agreement that specifically provided for payment at retirement.
The Court of Appeals has recognized a two-part test for substantive due process violations. First, the petitioner must establish a cognizable property interest under a legitimate claim of entitlement, meaning a vested property interest or more than a mere expectation or hope. (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617 [2004].) Second, the petitioner must show that the governmental action was wholly without legal justification. (Id.)
Herein, in light of this court’s holding regarding the applicability of the provisions of section 207-m of the General Municipal Law, the court finds that the petitioner has met the first part of the test for a substantive due process violation by establishing that the petitioner has a cognizable property interest under the provisions of General Municipal Law § 207-m, a state statute. However, the court finds that the petitioner has failed to adequately demonstrate that the governmental action was wholly without legal justification and, thus, has not met the second part of the test for substantive due process violations.
Although the court agrees with the petitioner that the statute does not grant the municipality discretion with regard to compliance with the statute, the court recognizes that the benefits which are the subject of this action are not specifically referred to or identified in the statute and it is arguable as to whether the subject benefits fall within the scope of the statute. The court finds that the alleged conduct of the respondent was not so egregious as to implicate constitutional law. (See Bower Assoc. at 628-629.) Moreover, an adequate postdeprivation remedy is available to the petitioner pursuant to article 78 of the CPLR. (See Hellenic Am. Neighborhood Action Comm. v City of New York, 101 F3d 877 [2d Cir 1996]; Monroe v Schenectady County, 266 AD2d 792 [1999].)
The court therefore grants the respondent’s motion to dismiss the second cause of action with regard to the section 1983 claim of denial of due process.
With regard to the petitioner’s allegation that his right to equal protection was violated, he relies upon the allegation that he was selectively treated. He has not alleged, however, that the selective treatment was motivated by a malicious or bad faith *446 intent to injure him.* (Zahra v Town of Southold, 48 F3d 674 [2d Cir 1995].) He must establish impermissible motive or proof of action with intent to injure. (Bower Assoc, at 631.) The court therefore also grants the respondent’s motion with regard to dismissal of that portion of the second cause of action which seeks relief for violation of petitioner’s equal protection rights, but does so without prejudice to service of an amended petition setting forth factual allegations supporting that claim.
Remaining Issues
The court has reviewed any remaining issues raised by the respondent and finds that they lack merit.
Lastly, upon the record presented, the court finds that questions of fact exist as to the amount or value of the petitioner’s unused sick time, unused vacation time and compensatory time.
Accordingly, for the reasons set forth above, it is ordered, that the respondent’s motion to dismiss the petition is hereby granted as to the second cause of action in the petition and is hereby denied as to the first cause of action in the petition.

 Paragraph 44 of the petition states, “Elmira Heights is attempting to deprive Hauptman the ability to receive compensation at the comparable rate paid to both his predecessor, Chief David L. Padgett, and his subordinates.” It is only in petitioner’s memorandum of law that the claim of “bad faith intent to injure” is raised. (Petitioner’s mem of law at 28.)