■ In the Matter of EDWARD T. PARADISO, Respondent, v JOSEPH LOEFFLER et al., Appellants. [875 NYS2d 235]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Village of Ocean Beach dated August 8, 2007, which denied the petitioner's application, among other things, for an increase in his annual compensation in the sum of $2,174, the appeal is from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered May 13, 2008, which, upon an order of the same court dated March 3, 2008, inter alia, in effect, granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the order is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

The petitioner alleges that he is the head of the Village of Ocean Beach Police Department (hereinafter the OBPD or the Department), within the meaning of General Municipal Law § 207-m (1). The petitioner's immediate subordinate is the only other permanent, full-time member of the Department. The balance of the OBPD consists of 25 part-time, seasonal employees. There is no dispute that the OBPD is not unionized. There is no collective bargaining agreement in place.

In July 2007 the petitioner requested, among other things, an increase in his annual salary in the sum of $2,174—the same increase that had recently been granted to his immediate subordinate. When that request was denied, the petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to annul the determination denying his request. Among other things, the petitioner claimed that the determination violated General Municipal Law § 207-m (1). The Supreme Court, in effect, granted the petition and annulled the determination. We reverse, confirm the determination, deny the petition, and dismiss the proceeding.

In pertinent part, General Municipal Law § 207-m (1) states that "whenever the base salary or other compensation of the permanent full-time police officer who is a member of a *negotiating unit* and who is the highest ranking subordinate to the head of the police department in such unit, is increased, the salary . . . of the permanent full-time head of the police department shall be increased by at least the same dollar amount of the base salary increase received by the next subordinate police officer" (emphasis added). Originally enacted in 1977, the purpose of this provision "is to prevent the compression of salaries as between police department heads who are not members of negotiating units, and their subordinates who are" (*Matter of Murphy v Village of Dolgeville,* 87 NY2d 883, 884 [1995]).

We agree with the appellants' construction of the statute that, based in part upon the emphasized language quoted above, the statute refers to a unionized police force, and since the OBPD is not such a force, the petitioner was not within the coverage of General Municipal Law § 207-m (1). Although the General Municipal Law does not define the term "negotiating unit," the legislative history of both the 1977 enactment, as well as 1999 amendments thereto, confirm that in seeking to avoid salary compression, the Legislature had in mind unionized police forces, whose members' salaries are the subject of collective bargaining (*see* Budget Rep on Bills accompanying S3414, Bill Jacket, L 1977, ch 827; Mem Supporting S2343, A683, Bill Jacket, L 1999, ch 404; Budget Rep on Bills pertaining to S2343, Bill Jacket, L 1999, ch 404; Office of NY Comp Mem pertaining to S2343, Bill Jacket, L 1999, ch 404; Budget Rep on Bills pertaining to S6105, Bill Jacket, L 1999, ch 443; *see also* 1992 Ops St Comp No. 92-29; 1991 Ops St Comp No. 91-35; 1984 Ops St Comp No. 84-20; 1978 Ops St Comp No. 78-53-A).

As noted, the OBPD is not unionized. The salary of the only other permanent member of the Department—the petitioner's subordinate—is not covered by a collective bargaining agree-

ment. Accordingly, in denying the petitioner's request for a salary increase in this case, the appellants did not violate General Municipal Law § 207-m (1), and the petition should have been denied and the proceeding dismissed.

The petitioner's remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Dickerson, JJ., concur.