*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 18, 2015                    519531
_____

JOSHUA BERNSTEIN,
                    Appellant,

            v                                MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:   April 30, 2015

Before:   Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

                        _____


        Joshua Bernstein, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

                        _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Lynch, J.),
entered October 16, 2013 in Albany County, which granted
defendant's motion to dismiss the complaint.

        In 2001, plaintiff was disbarred from the practice of law
by the Second Department, which sustained one charge of
professional misconduct based upon plaintiff's conversion of
client funds for his own use (Matter of Bernstein, 285 AD2d 233
[2001], appeal dismissed 97 NY2d 725 [2002]).  Following
unsuccessful attempts to reargue and/or appeal his disbarment,
plaintiff commenced a declaratory judgment action in federal
court alleging a violation of his 14th Amendment due process
rights.  After plaintiff's claims were dismissed as barred by,
among other things, res judicata (Bernstein v New York, 2007 WL
438169, 2007 US Dist LEXIS 11322 [SD NY 2007]), plaintiff

commenced a second action in federal court, again asserting a due process claim and, further, challenging the constitutionality of Judiciary Law § 90 (2). This action was dismissed based upon 11th Amendment immunity grounds (Bernstein v New York, 2012 WL 1655783, 2012 US Dist LEXIS 66031 [SD NY 2012]).

Plaintiff then commenced the present declaratory judgment action in May 2013, contending that the Second Department was biased against him and again claiming that Judiciary Law § 90 (2) was unconstitutional. Defendant moved to dismiss the complaint as barred by res judicata or, in the alternative, by the applicable statute of limitations. Supreme Court granted defendant's motion upon res judicata grounds, and plaintiff now appeals.

We affirm. The doctrine of res judicata bars a party from litigating a claim where a final judgment on the merits has been rendered on the same subject matter, between the same parties (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Tovar v Tesoros Prop. Mgt., LLC, 119 AD3d 1127, 1128 [2014]). Thus, "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Matter of Bemis v Town of Crown Point, 121 AD3d 1448, 1450-1451 [2014], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; accord Tovar v Tesoros Prop. Mgt., LLC, 119 AD3d at 1128). Additionally, "res judicata bars not only those claims that were actually litigated previously, but also those which might have been raised in the former action" (Moss v Medical Liab. Mut. Ins. Co., 224 AD2d 762, 763 [1996] [internal quotation marks, brackets and citation omitted]).

Plaintiff's present claims – that he had a valid retaining lien on the subject funds and that Judiciary Law § 90 (2) is unconstitutional – clearly stem from his previously adjudicated disbarment, for which a final judgment on the merits was rendered. As such claims could have been raised during plaintiff's disbarment proceeding or upon an appeal therefrom, Supreme Court properly concluded that this action was barred by res judicata (see Gerzof v Gulotta, 57 AD2d 821, 822 [1977], appeals dismissed 42 NY2d 960, 973 [1977]). Plaintiff's

remaining arguments on this point have been examined and found to be lacking in merit.

Lahtinen, J.P., Garry and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court