*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                521548
_____

FRANK MAKI,
                     Appellant,

            v                              MEMORANDUM AND ORDER

BASSETT HEALTHCARE et al.,
                     Respondents.
_____


Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____


        Frank Maki, Walton, appellant pro se.

        Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany
(Shawn F. Brousseau of counsel), for respondents.

                    _____


Clark, J.

        Appeals (1) from an order of the Supreme Court (Becker,
J.), entered July 10, 2015 in Delaware County, which granted
defendants' motion for, among other things, summary judgment
dismissing the complaint, and (2) from an order of said court
(Reynolds Fitzgerald, J.), entered November 16, 2015 in Delaware
County, which, among other things, denied plaintiff's motion to
renew.

        In 2010, plaintiff commenced an action for personal
injuries allegedly sustained as a result of medical treatment
rendered by defendants in 2008 and 2009 following a 2008 motor
vehicle accident.  Supreme Court (Peckham, J.) granted
defendants' motion for summary judgment dismissing the complaint.
Upon plaintiff's appeal, this Court affirmed (Maki v Bassett
Healthcare, 85 AD3d 1366 [2011], appeal dismissed 17 NY3d 855

[2011], lv dismissed and denied 18 NY3d 870 [2012]).  In 2013, plaintiff commenced an action in federal court against the same defendants, their counsel, the State of New York and various members of the Judiciary involved in the adjudication of the 2010 litigation.  The Second Circuit affirmed the District Court's dismissal of the complaint, and the Supreme Court of the United States denied certiorari (Maki v New York, 597 Fed Appx 36 [2d Cir 2015], cert denied ___ US ___, 136 S Ct 362 [2015]).

In 2015, plaintiff commenced this action, sounding in breach of contract, simple negligence and fraud, to recover damages for the injuries that he allegedly sustained as a result of the same medical treatment rendered by defendants following the 2008 accident.  In lieu of answering, defendants moved for, among other things, summary judgment dismissing the complaint, sanctions and an injunction prohibiting plaintiff from commencing any further actions or proceedings relating to the medical treatment that was the subject of the 2010 action.  Supreme Court (Becker, J.) granted the motion in its entirety, holding that plaintiff's claims were barred by the doctrines of res judicata and collateral estoppel, as well as by the applicable statute of limitations.  The court further determined that plaintiff's complaint was frivolous, awarded costs and counsel fees to defendants and enjoined plaintiff from bringing any further actions or proceedings relating to the medical treatment rendered by defendants in 2008 and 2009 without prior court approval.  Plaintiff then moved to renew and/or vacate the order granting summary judgment to defendants, which motion Supreme Court (Reynolds Fitzgerald, J.) denied.  Plaintiff now appeals from both orders.

Initially, we note that, because defendants' motion was made pre-answer, Supreme Court should not have decided it pursuant to CPLR 3212 without first notifying the parties of its conversion (see CPLR 3211 [c]; Lockheed Martin Corp. v Aatlas Commerce Inc., 283 AD2d 801, 802 [2001]; see also Yule v New York Chiropractic Coll., 43 AD3d 540, 541 [2007]).  Therefore, we proceed to determine the motion "in accordance with the requirements of CPLR 3211" (Lockheed Martin Corp. v Aatlas Commerce, Inc., 283 AD2d at 803), and, in so doing, we "'afford the pleadings a liberal construction, take the allegations of the

complaint as true and provide plaintiff the benefit of every possible inference'" (Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d 1010, 1012 [2009], quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).

Turning to the merits, "[t]he doctrine of res judicata bars a party from litigating a claim where a final [disposition] on the merits has been rendered on the same subject matter, between the same parties" (Bernstein v State of New York, 129 AD3d 1358, 1359 [2015]; see Matter of Hunter, 4 NY3d 260, 269 [2005]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; accord Matter of Bemis v Town of Crown Point, 121 AD3d 1448, 1450-1451 [2014]). Relatedly, collateral estoppel "proscribes the relitigation of issues finally and necessarily determined in a prior [action or] proceeding so long as the parties were afforded a full and fair opportunity to litigate those issues in the prior [action or] proceeding" (Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d 1161, 1163 [2012] [internal quotation marks, brackets and citation omitted]; see Clark v Farmers New Century Ins. Co., 117 AD3d 1208, 1209 [2014], lv dismissed and denied 24 NY3d 991 [2014]).

The claims asserted in this action stem from the same series of transactions that gave rise to the 2010 action — i.e., the medical treatment provided to plaintiff following the 2008 accident. Indeed, the majority of the facts alleged in the two complaints are nearly identical, with the only difference being that the complaint commencing this action alleges continued pain and suffering, which nonetheless relate "in time, space, origin [and] motivation" to those adjudicated in the 2010 action (Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [2005] [internal quotation marks and citation omitted]; see Smith v Russell Sage Coll., 54 NY2d 185, 192-193 [1981]). Thus, inasmuch as all issues related to plaintiff's claims sounding in simple negligence and fraud were fully and finally decided in the 2010 action (Maki v Bassett Healthcare, 85 AD3d at 1369-1370), they are barred by principles of res judicata and collateral estoppel (see Kret v Brookdale

Hosp. Med. Ctr., 61 NY2d 861, 863 [1984]; see also Altamore v Friedman, 193 AD2d 240, 244-245 [1993], lv dismissed 83 NY2d 906 [1994]; compare Vigliotti v North Shore Univ. Hosp., 24 AD3d 752, 754 [2005]). Plaintiff's breach of contract claim, which alleged that defendants breached their contractual obligation to provide him with proper medical treatment, "could have been raised in the prior litigation" and, consequently, is precluded by the doctrine of res judicata (Matter of Hunter, 4 NY3d at 269; see Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp., 55 AD3d 982, 984 [2008]; compare Hitchcock v Rourke, 130 AD3d 1111, 1113 [2015]). Accordingly, Supreme Court did not err in dismissing the complaint.

We further reject plaintiff's assertion that Supreme Court improperly awarded costs and counsel fees to defendants. This action is the third in a series of litigation directed at defendants for their alleged professional mistreatment of plaintiff following his 2008 accident. Moreover, the allegations set forth in the current complaint are nearly identical to those pleaded in the 2010 action, for which plaintiff was denied direct and collateral relief by various courts. In view of this, Supreme Court did not abuse its discretion in awarding defendants reasonable costs and counsel fees, not to exceed $10,000, that were incurred in defending this action (see CPLR 8303-a; 22 NYCRR 130-1.1; He v Realty USA, 121 AD3d 1336, 1340-1341 [2014], lv dismissed and denied 25 NY3d 1018 [2015]; Tsabbar v Auld, 26 AD3d 233, 234 [2006]). For the same reasons, Supreme Court did not abuse its discretion in prohibiting plaintiff from commencing any further actions or proceedings against defendants relating to the medical treatment rendered to him during 2008 and 2009 without prior leave of court (see Corsini v Morgan, 123 AD3d 525, 527 [2014], lv dismissed 25 NY3d 1084 [2015]; Melnitzky v Apple Bank for Sav., 19 AD3d 252, 252-253 [2005]).

Finally, plaintiff did not identify any evidence outside of the record that would have led to a different result in this case and, thus, failed to meet his "heavy burden" on his motion to renew and/or vacate (Matter of Vega v Fischer, 108 AD3d 955, 956 [2013] [internal quotation marks and citation omitted], lv dismissed 22 NY3d 953 [2013]; see CPLR 2221, 5015; Matter of Jones v Hickey, 126 AD3d 1247, 1248 [2015], appeal dismissed 26

NY3d 950 [2015]).  Plaintiff's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be lacking in merit.

Lahtinen, J.P., Rose, Lynch and Aarons, JJ., concur.


ORDERED that the orders are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court